Curia, per Savage, Ch. J.
Clark brought a suit as administrator, before a justice in Warren county, against Gleason and Viele for fees due Asael Clark, the intestate, in his life time, as an attorney and counsellor of the court of common pleas. The justice nonsuited the plaintiff, after hearing his proofs and allegations; and he appealed. The defendants moved the C. P. to quash the appeal, on the ground that there had been no trial before the justice; but the court overruled the objection. In this decision the court was certainly correct. The plaintiff could not review the justice’s decision by certiorari; and of course an appeal was his only remedy. [1]
The plaintiff then proved that Gleason, one of the defendants, had admitted that he employed Clark, the intestate, to prosecute the two suits for the fees in which this suit was brought, to stop the defendants in those suits from taking lumber. Gleason promised to call on the plaintiff below, and make an arrangement. He did not intimate any defence on the ground of negligence. Another witness proved that 4 or 5 years before, Gleason and Viele were engaged in getting logs down the river; and that they were reputed to be partners in that business; but not general partners. That Gleason became indebted to the witness for board of himself and hands while engaged in that business, and Viele afterwards paid the witness’s bill, saying he should have to pay Gleason’s bills. It was then proved, by the attorney who defended those suits, that Clark, the intestate, prosecuted them, until finally judgment was rendered as in case of nonsuit, the plaintiffs having failed to bring them to trial. That he collected his costs by an action before a justice upon the judgment records in the common pleas; and Gleason and Viele confessed judgment. The *62 taxed bills were then introduced,'though objected'to. What was groun<l °f the objection, does not appear. It was objected that notice of taxation and a c'opy'of the bills should have been served. This objection *was overruled. Ih this the court were correct. There is now no statute requiring the- service of a copy1 of the bill. 'It' was then-Objected that no 'evidence-had beeh'giVén against Viele; that the cohfessions of 'Gleason'were not evidence against his Copartner after the 'termination'Of the 'partnership. The court decided that a -jditit contract and -'employment had been sufficiently shown. There is no doubt that confessions of1 one partner, "after the Copartnership has "ceased, cannot‘be shown, to-charge ;his-copartner. The English rule is, that 'su'ch'evidence may be given; but a different -'rule has been established in this court. [1] (3 John. 536. 15 John. 424.) The case in 1 Tdurit.’104, to the Contrary, is’overruled-here. The partnership was proved by-other testimony'; but-the objection still recurs. Had the "employment of Clark, the intestate, by: Gleason been proved by Other testimony-than the confession of-Gleason, it'-WOtild -have been sufficient. The reason why" One partner, after the dissolution, cannot charge his'copartner by his corifessions, is, thát it would’be highly unjust that Oh'e'liian should "confess a\vay the rights "Of another-; and if ill will should "happen to exist between partners át their dissolution/One might ruin the-other by :his confessions,' whether t'rtie or false. The'court'therefore erred in "deciding that-a joint employment’had been sufficiently shOWn.
The defendants’ counsel contended"that it= appeared'the intestate had been guilty of negligence in the management " df their 'causes; ahd they examined a’Witness who proved that -he wrote to :his clients about four’Weeks before the judgments ofnonsuit, but whether they received':the letter Hhe witness did "hot -know. The plaintiff insisted 1 thisdéfence could not be given in evidence under the general issue. The court decided 'that the-defence Of-negligéhc'e was fully supported by the evidence; but it could not be *63 'received tinder the plea of the general issue. In both these particulars, I apprehend, the court erred. Under that plea the defendant may show that the plaintiff never had any cause of action. If this species *of defence goes to destroy the plaintiff’s claim entirely, it is proper under the general issue; if merely to reduce the damages, notice should be given. This seems the rule to be collected from Runyan v. Nichols, (11 John. 547,) and Sill v. Rood, (15 John. 231.)
But the evidence was altogether insufficient to charge an attorney with negligence. The same evidence might probably be shown in every case where judgment as in case of nonsuit is entered; and yet it is perfectly consistent with diligence and attention on the part of the attorney. It seems from Gleason’s declarations, that the suits were brought to prevent the timber from being hooked, as he said. Possibly the attorney was instructed not to bring the suits to trial, or more probably, the clients neglected to procure the witnesses. Had the client shown a readiness on his part to go to trial, and then that the attorney neglected to give notice, there would have been some evidence. The attorney is not bound to proceed unless his fees are tendered or secured to him, if he makes that request. [1] But in this case it does not appear that the client paid any attention to his causes after they were commenced.
I am, on the whole, of opinion that the judgment below, which was for the plaintiff, be reversed, and a venire de novo awarded by Warren common pleas.
Rule accordingly.

 The only mode of reviewing a justice’s judgment, since the N. Y. Code took effect, is by appeal, which is but a substitute for the writ of certiorari. See § 351, of the code. Whitney v. Bayard, 2 Sanf. S. C. Rep. 634.

 See Baker v. Stackpoole, post 432.

 Castro v. Bennett, 2 John. 296. Wadsworth v. Marshall, 2 C. & J. 665. Lawrence v. Potts, 6 Carr. & P. 428.
The attorney must not abandon the cause, for want of funds, without giving his client notice, or he will liable to an action for negligence, and be deprived of his tight to costs. Hoby v. Built, 3 B. & A. 350. Lawrence v. Potts, 6 Carr. & P. 428. Nichols v. Wilson, 11 M. & W. 106 : S. C. 6