McCullough *v.* Cox.

---

NEW-YORK GENERAL TERM, May, 1849.   *Jones, Edmonds, and Edwards,* Justices.

McCULLOUGH and others *vs.* Cox and others.

By a lease dated the 4th of March, the plaintiffs demised to the defendants, a house and store for one year from the first of May then next; the store to be fitted up at the expense of the plaintiffs, and completed and ready for occupancy by the said 1st day of May, and the Croton water to be introduced into the house and store at the plaintiffs' expense; but no rent was to be charged for the store previous to the 1st of May. By a counterpart of the lease the store was to be fitted up by the owners for a genteel grocery, and to be ready for oc-

McCullough *v.* Cox.

cupancy by the 1st of April, and the house was to be completed by the 1st of May. In an action of covenant for the rent ; *Held* that the covenants on the part of the lessors, contained in the instruments, were not conditions precedent.

Where mutual covenants go to the *whole* consideration, on both sides, they are mutual conditions, the one precedent to the other ; but where the covenants go only to a *part* of the consideration, then a remedy lies on the covenant, to recover damages for a breach of it, but it is not a condition precedent.

In an action of covenant, for rent, the defendant can not, by a plea in bar, *recoupe* his damage for breaches of covenant by the lessor.

The meaning of *recoupment* is, a reduction of the damages claimed. It is merely a partial defence, and not a complete bar. Nor can it be made a bar by an allegation that the damages which the defendant claims by way of *recoupment* exceed those claimed by the plaintiff.

Where a defense is a complete bar, it must be pleaded, but where it only goes in mitigation, notice must be given. *Per* EDMONDS, J.

ERROR to the New-York common pleas. The plaintiff declared in covenant for rent accrued under the following instrument, executed by the defendants, and dated March 4, 1845 : "This is to certify that we have hired and taken, from William McCullough and Hiland B. Weeks, the house and store at the corner of Fourth Avenue and Twenty-fifth-street. The store to be fitted up at the expense of the owners, for a genteel grocery, and to be ready for occupancy, by the first of April next, and the house to be completed by the first of May. The Croton water is to be introduced at the expense of the owners, in the house and store for one year, to commence the first day of May, 1845, at the yearly rent of four hundred and fifty dollars, payable quarterly. No rent is to be paid for the use of the store, previous to the first of May. We retain the privilege of renting this property for two years in addition, at five hundred dollars a year, and we do hereby promise to make punctual payment of the rent in manner aforesaid, and quit and surrender the premises at the expiration of the term, in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted." The defendants pleaded ; 1st. *Non est factum.* 2d. That at the time of executing the above writing by them, the plaintiffs made and executed a counterpart thereof, which was a part and portion of the instrument declared on, wherein the plaintiffs covenanted and agreed with

McCullough *v.* Cox.

the defendants that the said store was to be fitted up at their, the plaintiffs', expense, and to be completed and ready for occupancy by the first of April then next, and the house was to be completed by the first of May then next, and that the Croton water was to be introduced into the said house and store, at the plaintiffs' expense. And the defendants averred that at the time of executing the said lease and the counterpart thereof, the store was unfinished, incomplete, and unfitted for use and occupation as a genteel grocery, and so remained and continued until long after the said first day of April then next; and that the house was unfinished and unfit for occupancy at that time, and so remained and continued until long after the said first day of May then next; that the defendants had often requested the plaintiffs to fit up, at their expense, and to make ready for occupation the said store and house, and to introduce the Croton water therein, at their expense, but that they had neglected and refused to do so. And the defendants averred that the said covenants, stipulations and agreements were and are conditions precedent on the part of the plaintiffs, and that by means of the said several premises and breaches the defendants had sustained damage to a large amount, and to an amount exceeding the rent demanded by the plaintiffs; concluding with a verification and prayer of judgment. The counterpart of the lease or instrument set forth in the second plea, of which oyer was annexed to the plea, was executed by the plaintiffs, and was as follows: "This is to certify that we have this fourth day of March, 1845, let and rented unto William Cox & Sons, the house and store at the corner of Fourth Avenue and Twenty-fifth-street, the store is to be fitted up at our expense, and completed and ready for occupancy by the first of May next. The Croton water is to be introduced at our expense in the house and store, with the appurtenances and the sole and uninterrupted use and occupation thereof for the term of one year, to commence the first day of May, 1845, at the yearly rent of four hundred and fifty dollars, payable quarterly; no rent is to be charged for the use of the store previous to the first of May. The privilege of renting this property for two years in addition,

at five hundred dollars, is hereby given to William Cox & Sons." The plaintiffs demurred to the second plea of the defendants, and assigned several causes of demmurrer. The defendants joined in demurrer, and the court of common pleas held the plea to be good, and gave a judgment for the defendants.

*D. Evans*, for the plaintiffs in error.

*L. S. Eddy*, for the defendants in error.

EDWARDS, J. The declaration in this case, is in the usual form which has been adopted in actions of covenant broken, for the recovery of damages for the non-payment of rent; and it is not defective, either in substance or in form. If there was a condition precedent contained in the lease, which is not recited in the declaration, the defendants, if they wished to take advantage of such defect, should have craved oyer of the lease, and demurred for a variance; or they should have objected to the introduction of the lease in evidence, under their plea of *non est factum.* (2 *Saund.* 366, *n.* 1. 1 *Chit. Pl.* 434.) The only question then, to be considered, is whether the special plea of the defendants is good.

The court below, in their opinion, and the defendants in the argument before us, seem to have been in some doubt, whether to consider it as a plea of a condition precedent, or of *recoupment.* If it is both, it is defective on the ground of duplicity, which is one of the causes of demurrer specially assigned. If it is either, it is bad on demurrer.

The plea alledges that there was a lease, and a counterpart, and professes to set forth the covenants contained in each, which are in some respects different. By the lease, the demised premises, consisting of a house and store, were let to the defendants on the 4th of March, 1845; the store to be fitted up at the expense of the plaintiffs, and completed and ready for occupancy by the first of May then next, the Croton water to be introduced into the house and store, at the plaintiffs' expense, for one year, to commence on said first of May; but no rent was to be

charged for the store previous to the first of May. By the counterpart of the lease, the store was to be fitted up at the expense of the owners, for a genteel grocery, and to be ready for occupancy by the first of April, and the house was to be completed by the first of May. In other respects, the instruments were substantially the same.

The first question to be considered is, whether the covenants on the part of the plaintiffs, which are contained in these instruments, are conditions precedent. This must depend upon the intention of the parties, as it is to be collected from the instruments in which the covenants are contained. (*Porter* v. *Shephard*, 6 *T. R.* 668. *Glazebrook* v. *Woodrow*, 8 *Id.* 366, 371. *Retchie* v. *Atkinson*, 10 *East*, 295. *Havelock* v. *Geddes*, *Id.* 559.) There is also another rule of construction which has been adopted for the purpose of ascertaining whether covenants are conditions precedent or not, and that is, that where mutual covenants go to the *whole* consideration on both sides, they are mutual conditions, the one precedent to the other ; but where the covenants go only to a *part* of the consideration, then a remedy lies on the covenants, to recover damages for a breach of it, but it is not a condition precedent. (10 *East*, 295. 1 *Chit. Pl.* 323.)

Now, applying these rules to the case before us, are the covenants on the part of the plaintiffs conditions precedent ? In the first place, it will be observed that there was an absolute letting of the premises on the fourth of March, and that the defendants had the right to take immediate possession under the lease. It also appears to have been the intention of the parties that the lessees should then take possession of at least, a part of the premises ; for it was expressly stipulated that no rent should be paid for the use of the store, previous to the first of May. Now can it be said that acts which were to be done subsequent to the time of the commencement of the lease, and subsequent to the time when it seems to have been contemplated that the lessees should take possession of, and use the premises, shall be regarded as conditions precedent ?

Again ; the plaintiffs covenant, not that they will fit up the

McCullough *v.* Cox.

store, and complete the house, and introduce the Croton water, at the times specified, but that they will be liable for the expense thereof. But assuming that the plaintiffs were not only bound to pay the expense of fitting up the store, and completing the house, and introducing the Croton water, according to the terms of their covenants, but that the *legal effect* of their covenants is that they shall, themselves, do these acts, or cause them to be done, still the covenants, when taken in connection with what appears from other parts of the lease, do not go to the whole consideration. For the house may have been incomplete only in some particular part, and the store may not have been put in such a condition as to answer the undefined and somewhat indefinite description of a "genteel grocery," and the Croton water may not have been introduced, and yet the defendants may have had the full use and occupation of the house as a dwelling, and of the store as a grocery, and such their plea admits to have been the fact.

The next question to be considered is, whether the plea is good if it is to be regarded as a plea of *recoupment*, as it seems to have been intended, and as it was treated by the defendants' counsel on the argument. The meaning of *recoupment* is, a reduction of the damages claimed; and it is not in theory and contemplation of law, a complete bar. Neither can it be made so by an allegation that the damages which the defendants claim by way of *recoupment*, exceed those claimed by the plaintiffs.

In all the adjudicated cases, both in England and in this state, in which *recoupment* has been allowed, it has been considered, and has been generally described, as a *partial defence.* And, for this reason, it has been deemed necessary for the party claiming to recoupe to give notice to that effect; not as a substitute for a plea, according to the meaning of notices as allowed by the statutes of this state, but for the purpose of preventing surprise to the opposite party. In the case of *Barber* v. *Rose,* (5 *Hill*, 76,) which was relied on by the counsel for the defendants to sustain their plea, it was assumed by the court, that it was but a partial defence, and that it could not be pleaded.

The conclusion is, that the declaration is not defective, but that the defendants' special plea is bad, and that the demurrer is well taken.

The judgment of the court below must be reversed.

EDMONDS, J.   The contract was executed.   The declaration avers that the defendants went into possession, and occupied the premises.   Any breach, therefore, by the plaintiffs is not in bar, but only by way of recoupment.   The subject matter is not wholly worthless, nor have the defendants returned the property.   (*Van Epps* v. *Harrison*, 5 *Hill*, 65.)   Where the defence is a complete bar, it must be pleaded, but where it only goes in mitigation, notice must be given.   In this case, the defence is pleaded ; and that can not be.   1. Because it is not in bar, as the covenant has been in part executed, and that part execution is not entirely worthless.   2. Because recoupment, which goes to part only, can not be pleaded.   The demurrer ought to have been allowed, and the judgment must be reversed.

JONES, P. J. concurred.

Judgment reversed.

---

SAME TERM.   *Before the same Justices.*