Warden, J.
It is urged in behalf of the defendant below (here plaintiff) that Geisse having fixed the prices of his work by his contract with Catlett, could recover only in accordance with its *338 terms, and that in the absence of proof of the Pittsburg prices he was not entitled to recover at all; “ and a verdict should, under the charge of the court, have been rendered for the boat.” On the other hand, it is insisted that such proof was offered and read to the jury, and the depositions of two witnesses are referred to as exclusively confined to this proof. The record does not profess to state the testimony, and it is silent on this particular subject. No exception relating to it was taken, and we can not assume, from the mere bill of exceptions, that proof was not made of the Pitts-burg prices. The presumption is the other way, and, according to Geisse’s counsel, the fact is with the presumption.
The next matter of exception we propose to examine arises upon the rejection of certain evidence.
Geisse sued on the common counts, claiming under the quantum meruit. He must, therefore, have come prepared to prove what his work was worth, and to meet evidence showing it to be defective. But he did not sue on the whole contract; part having been fully performed, and the work so far paid for. It was in the power of rthe then defendant to convert his action into one upon the entire •contract, and to hold Geisse to proof of its entire performance. 'That the instrument evidenced a single contract we have no doubt, .'Modern English cases, and the leading American decisions, have •taken from the rules once applied to the construction of contracts, ;as to their entirety or divisibility, and the dependence or independence of their covenants, much of their ancient strictness and un.'388] reasonable refinements, not *to say their absurd and oppressive character. In the language of Parker, J., in Johnson v. Eead, "9 Mass. 83, they “ show a disposition on the part of the judges to ¡break through the bonds.which some old cases had imposed upon •them, and to adopt what Lord Kenyon, in one of the cases, calls •the common-sense doctrine — -that the true intent of the parties, as ¡apparent in the instrument, should determine whether covenants ,-are independent or conditional, instead of any technical rules of ■which the parties were totally ignorant, and the application of ■which would, in most cases, utterly defeat their intention.” This .is, in our judgment, the proper rule of construction. For illustration : Where the apparent intention of the parties to a contract is ■to have new machinery made and old machinery repaired and put jinto running order, for a single purpose, of which work a part is mot to be done without the whole, and all the parts bear a neces *339 sary relation to each other, and where the provision for payments indicates that the parties themselves regard the agreement as an entirety, their intention prevails over any technical rules of construction, and the contract is to be taken as an entirety. Now this is the very case before us. We must, on the face of this contract, plainly perceive that the intention of Geisse and Catlett was to have new machinery made, and old machinery repaired and put into order, for the purpose of running a steamboat. Part of the work was not to be done without the whole, and all the parts bore the same relation, to each other as the parts of a watch to the whole; andthe provision for payments in the contract finally made, equally indicates that the agreement was an entirety. If it be allowable in such a case to consult the proposition on which this contract was founded, this opinion will not lose strength. The proposition, like the contract, had parts, but, as entertained by Catlett, these were dependent parts, and his signature was actually affixed to the proposition as a whole, so as to show this intimate relation of its parts, and, for that matter, oven so as to constitute the paper a contract rather than a proposition. We say, then, the con- [339 tract was an entirety, and the defendant below might have availed himself, under proper pleadings and notice, or whatever defenses, would have been proper had Geisse sued on the contract itself.
We can not entertain the argument of counsel for defendant in error, that because the boat could have had no cross-action against Geisse, there could be any distinction between what would have been a proper reduction of damages had Geisse sued Catlett instead of the boat, and what would be proper in Geisse’s action against the boat. To allow a seizure of the boat under a claim resting on a written contract with the owner, and an entire disregard of that contract in such a proceeding, would be to convert the statute into a warrant of fraud and oppression ; and to recognize Geisse’s claims without holding him to his answering obligations, would be a mockery of justice.
Treating the case, then, in all respects as though Catlett had been defendant instead of the boat, and assuming, for the present, that the pleadings and notice were sufficient, what was the effect of introducing the contract, so far as the right to show defects in the work is concerned? It-was, in effect, to convert the action from one on the common counts to one on a special count, framed-on the contract itself.
*340 Now, in the case assumed, defects in any part of the work might have been shown. But it would have been, not a bar, but a reduction of damages, or recoupment, which would have thus been accomplished. Whatever diversity of opinion and decision may have existed in Ohio, or may continue to exist, there are parts of the state in which the doctrine of recoupment has often been applied to cases like that supposed. ■ No reported case of authority is against the doctrine. I am persuaded that in far the greater number of our judicial divisions, the right of recoupment is constantly recognized. As for its claims to be considered a part of the common law, it is sufficient to say, that though long disused, and sometimes denied, it is an ancient familiar in the English courts, 340] *well known to Coke himself. It was not, indeed, a term of so extensive signification as it seems to be now. The right it represents at this day. was probably introduced to mitigate the severity of the statute of set-off, itself a graft from equity on the law. Unsettled as were for a long time the limits within which it could be made -available, as well as the conditions of its exercise, it has at length become fixed and certain in England as well as in most of our sister states, and in declaring it a part of our own system of jurisprudence, we are not without such examples of its application as will enable us to adopt a safe rule for its extent, as well as the terms on which it ought to be allowed. That it is a part of Ohio law, we feel bound to declare. It is a right so reasonable in itself, so necessary to the simple and economical administration of justice, and so entirely congenial to our system of jurisprudence, that, however doubted or denied, in some parts of the state, it has in general commended itself to our courts, and become well established.
But we are aware that even where it has been most fully recognized, the manner in which a defendant may entitle himself to its benefit, is very variously regarded. It ?is sometimes said, that where the plaintiff claims under a quantum meruit, recoupment, may be had under the general issue. In strictness, however, recoupment .is not at all applicable to such a claim. The whole question there is, how much ought the plaintiff to have; and proof of defects in his work is a direct answer to the question. Nor can it be surprising that there has been a difference of opinion on this subject. The fullest notice of the right itself is taken by Mr. Sedgwick, in his work on the Measure of Damages, and he treats the *341, 342 subject with great ability. Yet his summary of the rulings on the subject of entitling the defendant to recoupe does not seem to answer the question whether notice is necessary, so as to p.ut the rule in a very clear light. He says : “ As to the way in which the defense of recoupment is to be set up, it is now settled, that evidence to support it, if total, and going to the whole action, will be received under the general issue, *but that where it is partial, [341 it can not be pleaded, and notice must be given with the plea.” Sedgw. Dam. 444. It is not easy to reconcile this with the decision in several New York cases, that recoupment can not be made a complete bar even by an allegation that the damages which the defendant claims by way of recoupment exceed those claimed by the plaintiff. McCullough v. Cox, 6 Barb. 391; 2 Comst. 282. And when it is considered that recoupment, even as enlarged in its meaning by modern usage, signifies nothing more than a reduction of damages, it would seem plain that it can hot be had under a plea, the office of which is to set up a complete bar. It has sometimes been supposed, however, that when skill is involved in the contract, proof that skill was wanting, is an answer to the allegation of the plaintiff that he has performed his contract. But the same notion is equally applicable to the action of a vendor for the price of goods sold with warranty — and, indeed, to every case in which assumpsit was brought to recover a stipulated. price for work or goods, or the like. Yet, in all these cases, the unskillfulness of the performance, the defective quality of the goods, or like failure of the plaintiff to fill all the conditions of his contract, has been held to entitle the defendant, not to a bar of the claim, but a cross-action, or a recoupment in the action already brought. A noticeable case illustrating the necessity of notice is one reported in 11 Johns. 547. The action was for an attorney’s bill, the defense negligence. The court say: “ The defendant neither pleaded nor gave notice of this defense, and it must have been a complete surprise on the plaintiff, as he .can not be presumed to have come prepared to meet it on the trial.” Though since the decision of this case, it has been repeatedly held that recoupment is not the subject of plea at all, but must be had under notice, the case is one which shows clearly that the general issue would not let in the recoupment.
The etymology of the word fully justifies the notion that it is not proper to recoupe under a plea in bar. It is from *th e [342 *343 Law French recouper, to cut again, or to cut out and keep back. And so the courts now all understand it.
In New York, the court hold “ notice to be an essential part of the rule.” Sedg. Dam. 444. And since the adoption of the code, it is there understood that'recoupment is to be had as a counterclaim, and can not be had under the denial allowed in a mere answer. Vansantvoord’s Plead. 303, 304. As our own code is precisely similar to that of New York in this particular, it will be seen that the question of notice does not lose its importance when we come to the new practice. We have therefore felt it necessary to examine it fully. Our conclusion is, that the general issue did not entitle a defendant to offer evidence in recoupment of damages.
In the case before us, no sufficient notice was filed with the plea. The contract was, as we learn from the motion for new trial and the bill of exceptions, used in evidence in order to reduce the amount of plaintiff’s recovery; but no intention to make such use of it is disclosed by the notice itself. On the contrary, the object of putting the contract in evidence would, from the notice itself, appear to be the entire defeat of the plaintiff by showing that he never had a claim on the boat, but relied on the personal responsibility of Catlett. And it is not a little singular that this closely litigated case would present a new and not inconsiderable difficulty had this been the real object of the defendant’s counsel, and had they persisted in it. But, though the absence of notice would appear from the arguments to have been insisted on by the plaintiff below as one reason for opposing the introduction of the evidence offered, no leave to amend the notice or give a new one was asked. Why, we can only imagine when we look at this record, and find how long these parties have been litigating. From the record itself, no ruling on the subject of recoupment appears; and the whole case would seem to have turned on the question of notice. But it otherwise appears that the right of recoupment, as such, was wholly 343] denied. At first we felt disinclined *to rest our decision of this cause on the fact, that no notice was given of the intention to recoup damages, fearing that such a decision would be a surprise to one of the parties; but, on looking into the arguments, we find that the want of notice was insisted on below as one of the then plaintiff’s objections to the evidence rejected. The adverse ruling of the court on the subject of recoupment left it within the power of the plaintiff in error to prepare his cause for a favorable decision *344 here by asking leave to amend his notice. Whether that leave had been given or refused, the case would probably have been with the plaintiff in error, as we understand the law. But we are confident it would have been given. But be that as it may, the notice was not such as to entitle the plaintiff in error to recoupment of damages, and it was not amended. ■
The evidence which the court was willing to receive would have been proper in every view. Geisse had no right to notice so far; for he had sued under the quantum meruit, and must have come prepared to show the character of the work embraced in his bill of particulars. But no question of recoupment applies to this part of the case. The effect of the notice given was not to prepare the defendant in error for the question whether he had performed his entire contract; it was only to prepare him for proof that Catlett was the owner of the boat, accepted by Geisse as his paymaster. No question of performance, perfect or imperfect, whole or partial, is made by the notice; and it is not intimated that any other work or materials than those sued for will be subjected to question. So far as the notice went, its effect was to govern the action by the contract; but it did not go far enough to convert the proceeding into one upon the whole contract. If it had, however, notice of the intention to recoup would still have been necessary.
The judgment must be affirmed.