## Charles V. Jackman *vs.* John J. Doland.

Essex.   Nov. 4, 1874. — Jan. 9, 1875.   Ames & Devens, JJ., absent.

An answer to a declaration upon a promissory note for $280 alleged that " if it shall
appear at the trial of this suit that the defendant made and signed said note, it
will also appear that the said plaintiff, by a bill of sale in writing, sold to the de-
fendant all the property used by him " in carrying on a specified business, to the
value of $1280 ; that at the time of said sale he paid the plaintiff $1000 ; that it
was then agreed between the parties that the balance was not to be paid until the
plaintiff had performed certain acts ; that the note, if given at all, was given at
the time the bill of sale was given, and in consideration that he should perform
said acts ; that the plaintiff had not performed said acts ; that there was no con-
sideration for said note ; that the defendant denied owing anything on the note.
*Held,* that the first part of the answer set up no legal defence. *Held, also,* that
the rest of the answer, if it could be treated as a separate allegation, showed no
want of consideration, and was insufficient.

CONTRACT on a promissory note, dated July 15, 1872, for
$280, payable four months after date. Writ dated March 24,
1873. The answer denied the making of the note, and that the
defendant owed the plaintiff the same, and proceeded as follows :
" And the said defendant, further answering, says, that if it shall
appear, at the trial of this suit, that he made and signed said
note, it will also appear that the said plaintiff, by a bill of sale in

writing, sold to the defendant all the property used and employed by him in carrying on the wood and coal business, in Lawrence, for the sum of $1280, and consisting of the following articles, at the following prices," which were then stated in detail. " And the said defendant says, that, at the time of said sale and delivery of said bill of sale, he paid the said plaintiff the sum of $1000 ; that the balance of said sum of $1280, to wit, the sum of $280, it was then agreed between the said plaintiff and the said defendant, should not be paid by the said defendant, until the said plaintiff should make and deliver certain articles named in said bill of sale, and not delivered at the time the said bill was delivered ; and should repair certain articles named in said bill," which were then enumerated. " And the said defendant says that said promissory note, if given at all, was given at the time said bill of sale was given to him, and in consideration that he should make and deliver said articles, and make such repairs as are above set forth. And the said defendant says, that said plaintiff has never made and delivered said articles, and has never made said repairs, and he says there was no consideration to said note, and he denies that he owes him anything on the same, as principal or interest."

At the trial in the Superior Court, *Lord,* J., ruled that the matters set up in the answer, printed in quotation marks, were not so pleaded as to constitute a defence to the action.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. C. Sanborn,* for the defendant.

*D. Saunders & C. G. Saunders,* for the plaintiff, were stopped by the court.

GRAY, C. J. The first part of the answer sets up no legal defence, because it states no facts, but only what in a certain contingency may be the evidence at the trial. *Suit* v. *Woodhall, ante,* 547.

If the rest of the answer can be treated as constituting a separate allegation, it is insufficient, because it does not show any neglect on the part of the plaintiff, or lapse of reasonable time, or refusal upon demand ; and because, if it did, the matters alleged would not show a want of consideration, but at most only a subject of recoupment, which is not pleaded. *Hodgkins* v. *Moulton,* 100 Mass. 309. *Exceptions overruled.*