ROBERT B. CAVERLY *vs.* TIMOTHY McOWEN.

Middlesex. Jan. 9, 10, 1877. — Jan. 3, 1878. COLT, AMES & SOULE, JJ., absent.

In an action on an account annexed for services, if the answer contains a general denial, the defendant may introduce evidence of the plaintiff's negligence and want of skill.

In an action by an attorney at law, on an account annexed for professional services, the judge instructed the jury that the plaintiff was bound to possess and exercise ordinary skill and diligence; that the negligence and want of ordinary skill and knowledge on the part of the plaintiff might be considered in determining the value of his services; that if, by reason of his negligence or want of ordinary care and skill, his services were of no value, they might find for the defendant; and that mere error of judgment upon a doubtful question of the construction of statutes should not be regarded as evidence of a want of competent knowledge or skill, or of negligence, but a disregard of a plain statute provision should be so regarded. *Held,* that the plaintiff had no ground of exception.

I. an action by an attorney at law, on an account annexed for professional services, the record of the case in which the plaintiff's services were rendered, and a statute of the Commonwealth, both bearing directly upon the plaintiff's negligence or want of skill in advising and prosecuting the suit, are admissible in evidence against him.

CONTRACT on an account annexed for services rendered and disbursements made by the plaintiff as an attorney at law. The answer contained a general denial of " each and every allegation and particular in the plaintiff's declaration and bill of particulars contained," and alleged that " if the plaintiff shall prove that he performed the services set out in his declaration and bill of particulars, or any part thereof, then the defendant will show that they were unskilfully and negligently performed." Trial in the Superior Court, before *Colburn,* J., who allowed a bill of exceptions in substance as follows :

The plaintiff's services were rendered in the bringing of a petition to the Superior Court in behalf of the defendant in this case, to revise an assessment made by the mayor and aldermen of Lowell on the petitioner's land, of a proportionate part of the expense of the construction of a sewer. That petition, with several others of the same nature, was dismissed because it had not been brought within three months from the time the petitioner received notice of the assessment; and that decision was affirmed on appeal to this court. See *Custy* v. *Lowell,* 117 Mass. 78.

The plaintiff testified that he exercised his utmost skill and care, both in the interpretation of the statute, under which the defendant's appeal was brought, and in the management and conduct of the defendant's case; and put in the testimony of experts to prove the value of his services. The defendant contended that the plaintiff was not entitled to anything; that although the services were performed and the disbursements made as alleged, yet the plaintiff's conduct in managing the defendant's case was such as to preclude him from recovering; and put in evidence the decision in *Custy* v. *Lowell* and certain papers from the files and the docket entries in the original suit in the Superior Court, and also the St. of 1873, *c.* 261; and contended that the construction put upon this statute by the plaintiff was such an error on his part as to warrant the jury in reducing his claim. The plaintiff objected to the admission of this documentary evidence, but the judge admitted it.

It also appeared in evidence that, after the decision in *Custy* v. *Lowell*, the plaintiff brought a petition and had a hearing before a committee of the city government of Lowell, appointed for that purpose, which resulted in a discontinuance of the sewer assessments which had stood against the defendant, and at the same time, at the expense of the city, a reconveyance was made to the defendant of his estate assessed, which, during the pendency of *Custy* v. *Lowell*, the city had sold in satisfaction of said assessments; which services by the plaintiff constituted a part of his account in this suit. The defendant denied that the results produced were, to any considerable extent, due to the plaintiff's services.

Upon this evidence, the plaintiff requested the judge to give the following instructions to the jury :

" 1. The defendant's pleadings on the point of unskilfulness and negligence are insufficient in law, and any testimony on that point, being objected to, ought not to be considered by the jury as having any tendency to diminish the plaintiff's damages.

" 2. If the plaintiff, in performing his duties as attorney for the defendant, acted in good faith and in accordance with his own best judgment on the law and facts in the matter, his damages ought not, in law, to be diminished on account of any alleged negligence or unskilfulness.

" 3. No negligence or unskilfulness on the part of the plaintiff can be used to diminish his damages, unless the alleged negligence was so gross that the defendant received no advantage whatever by the services.

" 4. For mere error of opinion in the construction of a statute law, honestly acted upon, no diminution in the plaintiff's damages can be legally made."

The judge refused so to rule, but instructed the jury, among other things not excepted to, as follows :

" 1. The plaintiff, when he undertook the charge of the defendant's case, was required to possess the legal knowledge, and to exercise the diligence and skill in the conduct of cases, usually possessed and exercised by ordinary lawyers in managing the cases entrusted to them. If the plaintiff possessed such knowledge, and exercised such diligence and skill, he is entitled to recover, although not successful, for his disbursements and reasonable compensation for his services, unless some express agreement was made as to the compensation he was to have, and in that case the express agreement is to govern.

" 2. But if in consequence of the want of ordinary professional knowledge, diligence or skill, or through negligence on the part of the plaintiff, the plaintiff's services were of no profit to· the defendant, or were a positive damage to him, such want of benefit should be taken into account in determining the value of the plaintiff's services, and the compensation which the plaintiff would otherwise be entitled to recover should be reduced by such damages as the defendant has proved he has sustained in consequence of the negligence or want of ordinary professional knowledge, diligence or skill of the plaintiff.

" 3. Mere error of judgment upon a doubtful question of the construction of statutes should not be regarded as evidence of a want of competent knowledge or skill, or of negligence, but a disregard of a plain statute provision should be so regarded."

The judge also instructed the jury that, if they found that the defendant had received no benefit from the plaintiff's services and was actually damaged in consequence of his negligence or want of ordinary care and skill, they might find for the defendant.

The jury returned a verdict for the plaintiff for less than the amount claimed, and he alleged exceptions.

*D. B. Gove,* for the plaintiff.

*G. Stevens & C. H. Conant,* for the defendant.

MORTON, J. The allegation in the defendant's answer that " if the plaintiff shall prove that he performed the services set out in his declaration and bill of particulars, or any part thereof, then the defendant will show that they were unskilfully and negligently performed," is not a direct and positive allegation as required by the rules of pleading, and sets up no defence. *Suit* v. *Woodhall,* 116 Mass. 547. *Jackman* v. *Doland,* 116 Mass. 550.

But this is immaterial, because we are of opinion that it was competent for the defendant, under the general denial of " each and every allegation and particular in the plaintiff's declaration and bill of particulars contained," to introduce evidence of the negligence and want of skill of the plaintiff.

Under the system of pleading established by the Sts. of 1851, *c.* 233, and 1852, *c.* 312, reënacted by the Gen. Sts. *c.* 129, the answer must deny in clear and precise terms every substantive fact intended to be denied, and must set forth in clear and precise terms every substantive fact intended to be relied upon in avoidance of the action. Gen. Sts. *c.* 129, §§ 17, 20.

But it has been held that a general denial of " each and every allegation " of the declaration puts in issue all the facts necessary to be proved by the plaintiff in order to make out a *primâ facie* case. In other words, such general denial puts in issue every fact, the burden of proof of which rests on the plaintiff. *Davis* v. *Travis,* 98 Mass. 222, and cases cited.

In the case at bar, the plaintiff declares on an account annexed for services rendered and disbursements made by him as an attorney at law. It is not contended that the services were rendered under a special contract or for a price agreed upon by the parties.

When one person performs labor for another, without any agreement as to price, the law implies a promise by the person at whose request it is performed to pay what it is reasonably worth. This may be sued for upon the common count for work done, or on an account annexed, but such count is substantially the common law count upon a *quantum meruit,* and involves all the allegations contained in that count. The common law count upon a *quantum meruit* alleges not only that the work was

done at the request of the defendant, but also that in considera-tion thereof, the defendant promised the plaintiff to pay him therefor so much money as he reasonably deserved to have, which he alleges to be the sum of, &c. Oliver's Prec. 150. 1 Chit. Pl. (16th Am. ed.) 352.

The burden is therefore upon the plaintiff to prove, in order to make a *primâ facie* case, that the work was done at the re-quest of the defendant, and also what it is reasonably worth.

In this case the plaintiff, as he was obliged to do, introduced evidence to show the value of his services, and it was competent for the defendant upon this issue to introduce evidence that, by reason of the negligence or unskilfulness of the plaintiff, such services were of little or no value. This was not matter in avoidance of the plaintiff's action, but met the plaintiff's evi-dence upon an issue on which the burden was on him, and was admissible under the general denial, which included a denial of all the facts which the plaintiff was bound to prove. See *How-ard* v. *Hayward*, 16 Gray, 354 ; *Mulry* v. *Mohawk Ins. Co.* 5 Gray, 541. The evidence of negligence or want of skill went directly to the question of the consideration of the alleged promise of the defendant which the plaintiff was required to prove.

The instructions to the jury were in substance that the plain-tiff was bound to possess and exercise ordinary skill and dili-gence, and therefore that they might consider the negligence of the plaintiff or the want of ordinary skill and knowledge on his part in determining the value of his services ; and that, if in con-sequence of his negligence or want of ordinary skill they were of no value, they might find for the defendant, and were correct. *Holman* v. *King*, 7 Met. 384. *Varnum* v. *Martin*, 15 Pick. 440.

The only other question is as to the competency of the record of the case of *Custy* v. *Lowell*, and of the St. of 1873, c. 261. The services for which the plaintiff sued were rendered in that case and the record was competent to show the character and nature of his services. For the same reason the St. of 1873 was competent. Both bear directly upon the question of the plain-tiff's want of skill or negligence in advising and prosecuting the suit, for his services in which the suit at bar is brought.

*Exceptions overruled.*