Daniels, J.
The action was brought mainly to vacate and cancel a deed of premises situated on the southwest corner of Broadway and Fifty-seventh street, in the city of New York, known as the Rutland. The building upon the land is eight stories in height, erected as an apartment house, and designed to be occupied by forty-eight different families, in addition to their domestic servants. It was divided into three principal apartments, each forming a part of the entire building. The deed in question was made for the nominal consideration of $810,000, for the purpose of performing an agreement made between the defendant Bliss, and Sidney DeKay, acting for the plaintiff, in the purchase of the property. At the time when the contract was entered into, which was the 23d of January, 1884, the building was in an unfinished condition. By its terms the deed was to be executed and delivered to the defendant Stephen H. Olin, as trustee, and the consideration for it was a mortgage already upon the property for the sum of $410,000, and $250,000 by the execution and delivery to the defendant Bliss, of a warranty deed of premises situated on Broadway and Greenwich streets, in the city of New York, and $75,000 in three mortgages executed upon the Rutland to secure the bonds of Sidney DeKay, and plaintiff’s husband. The residue of the purchase price was payable in cash at the time of the execution of the contract, and afterward according to the stipulations contained therein. At the time when the deed was executed and delivered, as it was to the trustee, the sum of $35,000 was left unpaid, as that had been provided for in the agreement, placing the right of the defendant Bliss to the money upon his performance of the agreement, by the completion of the building. This, it was contemplated, would be done by the 1st of May, 1884, but if not, then this sum of money was made payable when the building should, in fact, be completed.
What was to be done to complete the building according to the contract was specified and declared only in the most general manner in the agreement, but it was clearly the intention of the parties that the building- should be finished and completed before the right of the defendant Bliss should accrue to the payment of this final sum of $35,000. And as the event of finishing the building was to precede the right to receive the money, it was a condition precedent to the performance of the obligation to make the payment by the purchaser.
In the conclusions of fact upon which the judgment has been entered, it has been found and stated that the building was substantially completed on or about the 15th of June, 1884, and was then ready for occupancy by tenants, *730 and on or before the first of the following September it was fully and in all respects completed. To these conclusions exceptions have been taken on the ground that they were not warranted by the evidence given upon the trial. In support of these exceptions reliance has been chiefly placed upon the omission of the defendant Bliss to provide the building with fire escapes, and it is conceded, as the evidence proves the fact to be, that no fire-escapes were provided for, or attached to, the building. And the evidence further tended to establish the fact that these fire-escapes could not be constructed and placed upon the building for an expenditure of less than the sum of $4,800. If, therefore, the builder was obligated to place fire-escapes upon the building, to finish or complete it, then he had not, as a matter of fact, performed his contract at the time when the action was heard and decided, but was in default under this part of his agreement.
In the application and specifications of the defendant Bliss to the bureau of buildings of the city of Mew York, it was not stated that fire escapes were to form a part of the structure, but they contained an agreement or statement adopted as a part of them, by the defendant Bliss, agreeing ‘ ‘that the provisions of the building law will be complied with in the construction of the buildings herein described, whether the same are specified herein or not” And in the notice issued as a part of the proceedings to owners, architects and builders, it was stated that “outside fire escapes are required on all tenement, flat and apartment houses, office buildings, lodge bouses and factories, and the balconies of such fire escapes must take in one window of each suite of apartments, all to be constructed as follows,” etc. The architect, as a witness upon the trial, testified that he did not see that fire escapes were marked on any part of the papers, as they turned out in fact to have been. But this was not important, as he himself had subscribed the agreement adopted by the defendant Bliss to comply with the provisions of the building law. The making of this agreement required them to consult that law, and to ascertain from it what its obligations were in the case, and if they did not do so they could not disregard its provisions by reason of such neglect on the part of one or both of them. The obligation still remained to observe and comply with the provisions of the building law. And as that was at that time in force, it was contained in section 499 of chap. 410 of the Laws of 1882, providing that “any dwelling house now erected, or that may hereafter be erected, more than two stories in height, occupied by, or built to be occupied by, two or more families, on any floor above the first, and all buildings now erected, or that may be here *731 .after erected, more than four stories in height, occupied, or built to be occupied, by three or more families above the first story, and any building already erected, or that may hereafter be erected, more than three stories in height, occupied or used, or built to be occupied or used as a hotel, boarding or lodging house, * * * shall be provided with such fire escapes, alarms and doors as shall be provided by the fire department.” And what such fire escapes should be was specified in the notice to owners, etc., already mentioned. And the agreement to comply with the building law, notwithstanding the inside stairways, obligated the defendant Bliss to place such fire escapes upon the building, and in failing to do so, he failed to perform the obligations of the agreement entered into between himself and the plaintiff, through the agency of her husband, for the completion of the building. For while it may have been in a condition to be occupied by tenants, it was not in that condition which the law required it should be for that purpose at the time when this action was heard and determined. And so far as this failure to perform extended, the defendant Bliss was, as he has continued to be, in default under his agreement.
But the error in finding as a matter of fact that the building had been completed will not lead to a reversal of the judgment. For that part of the agreement which the defendant Bliss failed to perform in this manner was not an essential part of the agreement providing for the execution and delivery of the deed, or the bonds and mortgages, or the conveyance of the Broadway and Greenwich street property. These deeds were neither of them rendered subject to any condition in the contract which included this obligation of finishing and completing the building. Its condition was known and understood at the time by each of the parties, and it was not expected that the buildings would be finished by the 15th of February, 1884, the time designated for the completion of the contract, subject to the reservation by the purchaser of the sum of $35,000, already mentioned. But the obligation was created and imposed upon the defendant Bliss to convey the property by warranty deed, subject only to the incumbrance already stated, on the 15th of February, 1884, and on the husband of the plaintiff to execute and deliver the conveyance of the Broadway and Greenwich street property, and on the part of the trustee to execute the three mortgages of $25,000 each, to secure the bonds of Sidney DeKay, the plaintiff’s husband. As the evidence was given upon the trial, the deed executed and delivered for the Rutland to the defendant Olin as trustee, was in no manner made conditional by anything contained in the agreement, or in the declaration *732 of trust afterwards executed by him, but it was a complete and absolute conveyance of the property to him for the benefit- of the plaintiff principally in its then unfinished condition. And the deed to the defendant Bliss of the Broadway and Greenwich street property was executed and delivered hi like manner to him. Neither was made subject to the future performance of the agreement by the defendant Bliss for the completion of the building, but the parties appear to have intended and to have been satisfied to deliver and receive the conveyance as the Rutland then was. And the moneys which were paid at or about the time of the execution and delivery of the deed were in like manner passed over unconditionally, as the contract required that to be done.
But it was affirmed in support of the action that the three mortgages of $25,000 each had not, in fact, been delivered in this manner, but that they had been placed in the possession of the defendant Montgomery, in escrow to await the finishing and completion of the building. And the plaintiff’s husband who acted in her behalf in what was done to perform the agreement, stated that such was the arrangement, that the mortgages were to be held by Montgomery until the building was completed, and upon his cross examination he added that they were to be held in escrow. But even if it should be held that this testimony was entitled to be adopted as controlling evidence supporting this fact, this condition would be unavailing to the plaintiff, for the mortgages were delivered to the defendant Montgomery, who, it was testified by DeKay, was acting £or Mr. Bliss, and was to hold them in his safe until the completion of the building;- For this evidence showed the relation existing between Montgomery and Bliss to be that of an agency, and it appears to be the law, that instruments of this description cannot be delivered to the agent of the party finally entitled to receive them, subject to a condition of this character. That point was considered hi Worrall v. Munn (1 Seld., 229, 238), where it was concluded under the authorities that such a delivery to an agent would be absolute in judgment of law. The subject was further conceded in Wallace v. Berdell (97 N. Y. 13), without questioning the soundness of this preceding decision.
But it is not important that this part of the present case should be disposed of under the control of this legal principle, for the learned judge presiding at the trial has found as a fact that the mortgages were not received by Montgomery upon any understanding or agreement that they should become operative only on the completion of the building, and the evidence was such as to present this as a question of fact for his decision. That which was given by DeKay, *733 himself, was not entirely consistent with what took place at the time when so much of the transaction was consummated as included the execution and delivery of the deeds and these bonds and mortgages. For by the declaration in trust executed by himself and the defendant Olin, they were mentioned as a portion of the instruments required to be made and delivered as part of the consideration payable for the conveyance of the land. And after that the recital expressed the fact to be that, “the whole of the said consideration has been paid as above mentioned and received by the said Charles H. Bliss, except the sum of $35,000, which is payable on the completion of the buildings as above specified.” While if the bonds and mortgages had been conditionally and not absolutely, delivered, it is only reasonable to suppose that a statement of that fact would have been inserted in this part of the agreement, but it was not. And beyond that, all that is stated to have been left dependent upon the condition of completing the buildings, was the final payment of this sum of $35,000. This subject was again before the parties for their consideration after the 1st of May, 1884, when Sidney DeKay advanced to the defendant Bliss the sum of $2,000 out of the $35,000. These bonds and mortgages then received the attention of the parties, but not as being-dependent in their delivery upon the performance of any condition, but as instruments whose terms of payment might require to be extended beyond the 1st day of September, 1884, by reason of the failure of the defendant Bliss to complete the building. The same omission as to the assertion of any condition appears by the receipts for moneys paid by Sidney DeKay to Bliss. They were taken for so much money paid on different occasions on the mortgages, without being qualified in any manner by reference to the existence of the condition insisted upon at the trial. The same omission is significant in the answers which were interposed by Sidney DeKay in the actions brought to foreclose these mortgages. The fact of the defendant Bliss having failed to complete the building, as that was provided for in his agreement, was made the foundation of counter claims, or defences, in at least two of the foreclosure suits, but no reference was made to the alleged fact that the mortgages had been only conditionally delivered. If that were the fact, the time to assert it was when these actions for the foreclosure of the mortgages were pending. For if they had been delivered in escrow, to take effect only upon the completion of the building, as it had not then been completed, that would have supplied a complete defence to the foreclosure suits. A like failure to assert the existence of such a condition is observable in the testimony of DeKay *734 upon the trial of one of the foreclosure actions, for he there testified that he was incapable of relating any specific statement which took place at the time when the deeds and the bonds and mortgages were passed over. And if it had then been agreed that the delivery of the bonds and mortgages was to be conditional upon the completion of the building, that was a specific fact which ought to have been remembered and mentioned. The evidence of the plaintiff herself, relating the conversation which took place with her husband upon this subject, in no way increases the weight to be given to his evidence, for a conversation between these two persons could have no tendency to establish the making of an agreement between the plaintiff’s husband and the defendants Bliss and Montgomery. It is true that the witness Martin corroborates Sidney DeKay in the statement that the bonds and morgages were delivered in escrow. But the conversation stated to have taken place Concerning this fact, as well as the fact itself, is denied by the defendants Olin, Bliss and Montgomery, who participated in the performance of this part of the agreement. And that is sufficient under the rule controlling the decision of questions of fact made upon trials before the court, or a referee, to prevent this conclusion from being disturbed or interfered with by the court on this appeal. For it leaves the case without any such preponderance of evidence in favor of the plaintiff’s side as will support the conclusion, to a reasonable degree of certainty that the court erred in its decision. Beard v. Mayor, 96 N. Y., 567, 576-577. In the disposition of the case, therefore, this court is required to assume the fact to be that the evidence did not pro've that these bonds and mortgages had been conditionally delivered to the defendant.
Beyond that it was made to appear that Sidney DeKay as the agent of the plaintiff, as well in this respect as of the trustee himself, entered into the possession of the property conveyed, receiving and disposing of the rents paid by the tenants. And this possession seems to have certainly continued down to or near the time when the actions were brought for the foreclosure of the mortgages.
These facts exclude the right to rescind the contract and annul the deeds and mortgages because of the failure of the defendant Bliss to finish and complete the building. Neither of these instruments was made conditional upon that performance, but the title to the property, so far as it was on either side conveyed, was absolutely and unqualifiedly conveyed, and that which was purchased was in like manner incumbered by these mortgages. The only condition created by any portion of the agreement or declaration *735 of trust, or any other instrument, was that which included or reserved the sum of $35,000, and the right of the defendant Bliss to that money was dependent upon the condition that he should finish and complete the building. But even that was waived by the payment from time to time of this sum, or nearly all of it, by the agent and husband of the plaintiff to the defendant Bliss. But if it had not been, the failure to perform the condition could not have the effect of entitling the plaintiff to annul the residue of the transaction, for by the agreement which was made, the condition extended no farther than to include this sum of $35,000. It was but a small part of the consideration for the sale and conveyance of the property, and the language made use of by the parties clearly shows that the failure to complete the building was not to overreach or annul the papers executed and delivered, but at most was to exclude the defendant Bliss from the right to receive this sum of $35,000. The condition went to but a small part of the consideration to be paid for the conveyance of the property.
And when that is the nature of the agreement entered into, and the act is not to precede the conveyance itself, the failure to perform the stipulation cannot be relied upon as a condition to annul that conveyance, but it will supply the legal ground work of an action for damages for the nonperformance of so much of the agreement. The rule upon this subject has been considered in Bennet v. Pixley (7 John., 250), Philadelphia, etc., R. R. Co. v. Howard (13 How. U. S., 307, 339-40), Pepper v. Haight (20 Barb., 430,439, 40), and McCullough v. Cox (6 Barb., 386). But as stated in these authorities, it is subject to the qualification that so far as an act is to precede the performance of another, the legal duty to perform the latter will be dependent upon the preceding performance of such prior act as a condition precedent. Grant v. Johnson, 1 Seld., 247; Mansfield v. N. Y. Central, etc., 102 N. Y. 205.
And under this limitation of the rule, the law is settled, as it is stated to have been, the right to the $35,000 was ah that was made conditional and dependent upon the finishing and completion of the building. The parties having stated the condition in this manner, and limited it to this sum evinced their intention to be that the failure to perform should have no other or greater effect than that which was expressed by this part of the agreement made by them. While, therefore, the defendant Bliss had failed to perform so much of his agreement as obligated him to finish and complete the building, it did not have the effect of entitling the plaintiff to annul and set aside the entire transaction, but her rights on account of it were restricted to this sum of $35,000, which, if it had not been paid, could not have *736 been legally demanded from her by the defendant Bliss. The action consequently cannot succeed under the proof as it was given upon the trial, in securing the annulment of the deed made for the plaintiff to Olin, as her trustee, or the vacating of the mortgages, or the charging of the value of the Broadway and Greenwich street property upon the Rutland. So far as it denied this relief the judgment was right, although the court erred in finding the building to have been completed before the 1st of September, 1884. The judgment, so far as it depends upon these findings, must be set aside or modified, which will leave the plaintiff at liberty to seek redress in an action for damages against the defendant Bliss, not now included in her complaint, for the failure to perform this part of his agreement. And as so modified the judgment should be affirmed without costs to either party.
Davis, P. J., and Brady, J., concur.