J. E. McCORMICK vs. H. H. SAWYER.

Kennebec County.    Opinion November 13, 1911.

*Bills and Notes.    Indorsement After Maturity.    Defenses.    General Issue.    Partial Failure of Consideration.    Brief Statement.*

A promissory note purchased before maturity but not indorsed by the payee until after maturity, is open to any legal defenses that might have been made against the payee if suit thereon had been brought by him.

In an action on a promissory note given for the price of an agricultural implement, the defendant maker of the note pleaded the general issue and undertook to show thereunder that there was a breach of warranty in the sale of the agricultural implement to himself and hence there was a partial failure of consideration, it not being claimed that the agricultural implement was of no value. No previous notice of this defense had been given to the plaintiff. *Held:* That the defense of a partial failure of consideration could not be made under the general issue alone but should have been set up in a brief statement.

On exceptions by defendant.    Overruled.

Action of assumpsit brought in the Superior Court, Kennebec County, on the defendant's promissory note made payable to the International Harvester Company of America, and indorsed by that company to the plaintiff after maturity. The plaintiff was the agent of the International Harvester Company and as such agent

sold to the defendant a certain manure spreader for which the note in suit was given. Plea, the general issue. At the conclusion of the evidence, the presiding Justice ordered a verdict for the plaintiff and the defendant excepted.

The case is stated in the opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*H. H. Sawyer,* pro se.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

WHITEHOUSE, C. J. This is an action on the defendant's promissory note made payable to the International Harvester Company of America, and indorsed by that company to the plaintiff after maturity. In defense under the general issue pleaded, the defendant offered to prove a breach of warranty on the part of the company respecting the construction and operation of the agricultural implement for which the note was given, and claimed a recoupment of the damages thereby sustained.

It was conceded by the plaintiff that although the note in controversy was purchased by him before maturity, the fact that it was not indorsed until after maturity, rendered it open to any legal defenses which the plaintiff might have had under proper pleadings if the action had been brought by the original payee, *Haskell* v. *Mitchell,* 53 Maine, 468 ; but it is contended that under our rule of practice such a defense cannot be allowed under the general issue, but must be set up either by a special plea or by a brief statement, and that in any event, before it can be shown under the general issue, the plaintiff is entitled to notice before the trial, of the nature of the defense.

At the trial the presiding Judge ruled that the defense of breach of warranty could not be set up under the general issue without previous notice that such a defense would be made, and in the absence of any request on the part of the defendant for permission to amend his pleadings by filing a brief statement of such defense, the presiding Judge ordered a verdict for the plaintiff, and the case comes to this court on exceptions to that ruling.

It is the opinion of the court that the ruling was correct.

It is undoubtedly true that a total failure of consideration may be shown under the general issue, for the reason that "as the action is founded on the contract and the injury is the non-performance of it, evidence which disaffirms the continuing obligation of the contract at the time when the action was commenced, goes to the gist of the action. . . . The plea of non-assumpsit was considered as not only putting in issue every allegation, as well as the promise as the inducement, consideration, and all averments in fact, but also as enabling the defendant to give in evidence every description of defense which showed that the promise was void or voidable or that it had been performed." Chitty on Pl. 16 Am. Ed. 489-493; *Clark* v. *Holway*, 101 Maine, 391.

But while an entire failure of consideration may be given in evidence under the general issue, without notice, "it is otherwise as to a partial failure of consideration, since it does not go to the foundation of the action and show that the plaintiff is not entitled to recover anything, but is merely in mitigation of damages. . . . As recoupment signifies nothing more than a reduction of damages, the right can in general only be exercised under a special notice and not under a plea which purports to be a bar to the action." Waterman on Set-Off and Recoupment, sections 669, 670 ; *The People* v. *Niagara*, 12 Wend. 246; *Mayor* v. *Trowbridge*, 5 Hill, 71. *Runyan* v. *Nichols*, 11 Johns. 547, was an action by an attorney against his client to recover his fees, and the defendant had been permitted to set up under the general issue, the plaintiff's negligence in conducting his business as his attorney. But the judgment was reversed on the ground that "the defendant neither pleaded nor gave notice of this defense, and it must have been a complete surprise upon the plaintiff." So in *Gleason* v. *Clark*, 9 Cowen, 57, it is said that "under the plea of the general issue, the defendant may show that the plaintiff never had any cause of action. If this species of defense goes to destroy the plaintiff's claim entirely, it is proper under the general issue; if merely to reduce the damages, notice should be given." See also *Hills* v. *Bannister*, · 8 Cowen, 31.

In *Eldridge* v. *Mather*, 2 N. Y. 157, the result of the New York decisions upon this question is thus stated in the opinion of the court: "We are of opinion that in this state the rule is fully settled and should be adhered to that where the defendant is sued upon a contract and desires to set up in defense a partial want or failure of consideration in mitigation of damages, he must give notice thereof. This principle was expressly adopted as early as 1814 by the supreme court of this state, in the case of *Runyan* v. *Nichols*, 11 Johns. 547, supra. . . . . After so long an adherence to a rule which is just in itself, and so well calculated to effectuate the object of all pleadings, viz. to apprise the opposite party of the true ground in dispute, it is too late to inquire into the origin of the rule."

This just and convenient rule of practice, which has been observed in New York for more than a century, was adopted in Massachusetts as early as 1839 in the case of *Harrington* v. *Stratton*, 22 Pick. 510. In *Hodgkins* v. *Moulton*, 100 Mass. 309, it is said in the opinion: "Partial failure of consideration can be pleaded only when ascertained and liquidated, unless offered in evidence in reduction of damages, under rules which permit such a defense in certain cases, when it is properly pleaded, to avoid circuity of action. . . . . But clearly such defense must be specially stated in the defendant's answer." See also *Jackman* v. *Doland*, 116 Mass. 550, and *Hunting* v. *Downer*, 151 Mass. 275.

In 9 Cyc. L. & P. page 738, it is said: "At common law partial failure of consideration could not be set up as a defense unless the transaction was fraudulent in its inception. The defendant was obliged to resort to a cross action to recover his damages unless he could show an entire failure of consideration. But now generally, either by statute or judicial determination, the defense of partial want or failure of consideration may be interposed in an action on a contract when the facts constituting the defense are specially pleaded or set out by way of recoupment, or as a bar to so much of the demand as may be thus answered."

In this State it is believed that the rule requiring notice of such a defense to be given to the plaintiff by brief statement or other-

wise, has been uniformly recognized and enforced unless expressly
or impliedly waived by the plaintiff.    There is no legislation or
judicial authority to the contrary.    In the case of *Pratt* v. *Johnson*,
100 Maine, 443, the defendant claimed at the trial that the war-
ranty in question in that case was a part of the consideration of
the notes in suit, the whole constituting one transaction, and that
he should be allowed to set up the breach of the warranty in defense
of the action.    On the other hand the plaintiffs contended that the
alleged warranty was an independent agreement, the breach of
which, if any, could not be set up in defense of that action.    This
was the only question considered in the opinion of the court.    The
plaintiffs did not object to the defense offered on the ground that it
was not set up by brief statement, and no allusion was made to that
question either in the arguments of counsel or the opinion of the
court.    The decision of the questions presented in that case cannot
be deemed a judicial determination which was designed to abrogate
a time honored and beneficent rule of practice.

In the case at bar it was not claimed or suggested that the agri-
cultural implement for which the note in suit was given, was of no
value.    It may have been of considerable value notwithstanding
the defects involved in the alleged breach of warranty.    This defense
of a partial failure of consideration should have been set up in a
brief statement.

*Exceptions overruled.*