NelsON, J.,
delivered the opinion of the Court.
The indictment charges that the defendant “on the 8th day of January, A. D., 1870, in said county and. State — (he, the said James H. Cameron, being a Tax Collector for the collection of State and County taxes, or revenue, due to the State aforesaid, from the county, aforesaid, for the years A. D., 1868 and 1869, and having collected, as such tax collector aforesaid, a large *82 amount of taxes aforesaid, viz: the sum of $3,000, due the State aforesaid) — did, then and there, willfully fail and refuse to pay into the treasury of the State, the revenue which he had collected as aforesaid, viz: the sum of $3,000, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.” To this indictment the defendant pleaded a former acquittal upon an indictment charging “that James H. Cameron, revenue collector for the county of White, having been duly elected, given bond and taken the oath, and having, in all respects, fully qualified, according to law, to collect the State and county revenue due to the State and county aforesaid, from said county for the years 1868 and 1869, and having proceeded to and did collect a large amount of the revenue aforesaid, to-wit: the sum of four thousand dollars due to said State, did, on the 8th day of January, 1870, in said county and State, he being then and there charged with the collection and safe keeping of said money aforesaid, feloniously, fraudulently, corruptly and unlawfully embezzle, appropriate, conceal and convert to his own use, the sums of revenue aforesaid, by corruptly and falsely pretending that said revenue was taken from him by robbery, when, in truth and in fact, it was not; and against the peace and dignity of the State. The grand jury aforesaid, upon their oath aforesaid, do further present, that the said J. H. Cameron, tax or revenue collector, as aforesaid, for said county and State, and having collected a large amount of the taxes, in said county and State, due to the county aforesaid, and being charged with the collection and safe *83 keeping of the revenue collected as aforesaid, viz: the sum of four thousand dollars, due as aforesaid to said county, did, on the 9th day of January, 1870, in said county, conceal, appropriate and convert to his own use, said taxes aforesaid, due as aforesaid, with the felonious intent to unlawfully deprive the said county thereof, and against the peace and dignity of the State.”
To this plea the Attorney General filed a demurrer, assigning as causes: 1st. That the plea does not allege that the indictment is for the same offense for which be had been previously discharged, 2d. Because there is no record of a former trial pleaded. 3d. Because there is a variance in the plea and the record.
The Circuit Court of White county, in which both causes were tried, overruled the demurrer to the' plea, and adjudged that the plea be sustained, and that the defendant go hence without day, and recover of the State his costs, &c.; and from this judgment the State appealed. . 3
The question principally discussed here, relates to the identity of the offenses charged in the indictments; or, more accurately stating the question, it is alleged in behalf of the defendant, that the offense of embezzlement of which he was acquitted, embraces the offense of failing to pay over the revenue charged in the second indictment.
In the Code, Sec. 4706, it is declared that, “if any person within the State, charged with the collection, safe keeping, transfer or disbursement of money, or property, belonging to the State, or any county, use any part oí said money or property, by loan, investment, or other *84 wise, without authority of law, or convert any part thereof to his own use in any way whatever, he is g'uiliy of embezzlement; and for every such act, upon conviction, shall be imprisoned in the Penitentiary not less than five nor exceeding twenty years, and fined in a sum equal to the money embezzled, to be applied in satisfaction thereof.”
s By the act of 1860, chap. 131, sec. 3, it is provided ¡that, “if any tax collector shall hereafter willfully fail land refuse to pay into the treasury of the State, the revenue which he has collected, he shall be guilty of a felony,” &c. This statute was re-enacted by the act of 13th March, 1868, ch. 79, sec. 14, which declares further, that “the word tax collector, as used in this section, is intended to include and embrace all persons entrusted with the collection of the public revenue.”
The section above quoted from the Code, was construed in the case of the State v. Leonard, 6 Cold., 307. That was an indictment against a county trustee; and it is there said that, “failing and refusing to pay over the money to his successor in office, is, unexplained, evidence of a conversion of the money to his own use; and, if proved, will establish the allegation of the indictment, that he did embezzle and convert the money to his own use:” Ib., 309. It follows, therefore, that the offense of failing or refusing to pay the revenue collected, into the treasury of the State, is included .in the offense of embezzlement; and although it requires more evidence to convict of the latter than the former offense, when the money collected has been loaned or invested contrary to law; yet the conversion of the fund, *85 by the collector, to his own use, is, when not paid over to the treasury, under either statute, a felony; and, although evidence of the collection and failure to pay into the State treasury, would support an indictment under the statutes of 1860 and 1868, and might not be sufficient to embrace a case of loaning and investing without authority of law', the offense is, in law, precisely the same under either statute, when there is a conversion and the money not paid over. And it was charged in l the former indictment, against the defendant in this case t for embezzlement, that he falsely pretended the revenue j was taken from him by robbery, when it was not. The finding of not guilty in that case, was equivalent, perhaps, to a verdict that the defendant had been robbed; and if robbed, that would be a lawful excuse for the failure to pay into the State treasury, and would disrobe the act of any felonious intent. Be this as it may, the defendant was acquitted upon the charge of converting the fund to his own use. The failure to pay into the treasury, as has been seen, was evidence of such conversion; and the acquittal upon the charge of conversion is a bar to the prosecution for failing to pay into the treasury.
Questions similar to this have been before this Court, in different forms, in cases heretofore determined: See Hite v. The State, 9 Hum., 374, 375; Campbell v. The State, 9 Yer., 337; Major v. The State, 4 Sneed, 608; Esmon v. The State, 1 Swan, 14; Slaughter v. The State, 6 Hum., 414; The State v. Norvell, 2 Yer., 27. It would be useless to review the cases, or to show in what particulars they agree with, or differ from this in principle. *86 There can be no doubt that a former acquittal or conviction, must be for the same identical offense, but it is not necessary that all the particulars charged in either indictment should be the same: See the cases cited in 1 Waterman’s Arch. Cr. Pl., 371-374. See, also, 1 Whar. Am. Cr. L., 6th ed., § 560.
It may well be doubted, whether, even under the curative provisions of the Code, the indictment in this case is not defective, in not charging that the act was “feloniously” done; but as no other question has been argued before us but the one which has been determined, we forbear to consider technical objections, which might be made as well to the two indictments as to the plea.
Let the judgment be affirmed.