## LILLEY et al. *v.* RANDALL.

1. In case of fraudulent representations about the quality of the thing purchased, the vendee may rescind the sale, or he may retain the property and recover damages for the fraud, or he may *recoup* damages if sued by the vendor for the price.

2. Where a defendant elects to affirm a sale after discovery of the fraud, the right to rescind thereby becomes extinguished, but the right to *recoup* may remain.

3. In such case the measure of damages would be the difference between the value of the thing sold at the date of the sale, and what the value would have been had the representations been true, with such special damages as were the *natural* and *probable* consequences of the fraud.

4. Damages arising from a resale to a third person with warranty, and not arising out of the natural and probable consequences of the fraudulent representations of the original vendor are too remote.

5. In an action by the vendor to recover the price of the thing sold, the defendant, if he would *recoup*, must give notice thereof.

*Appeal from District Court of Arapahoe County.*

THIS was an action of assumpsit brought by Randall, the appellee, against Lilly and Chatfield, the appellants, upon two certain promissory notes. The declaration contained two special counts upon the notes, and the common counts. The defendants pleaded the general issue and two special pleas averring that the notes were made and delivered by the defendants to the plaintiff as part of the consideration to be paid by the defendants to the plaintiff as the consideration for the sale and delivery by plaintiff to the defendants of a certain band of California horses, numbering three hundred and forty-nine head, the total consideration for which purchase was the sum of $9,423, and setting up,

by way of defense, certain breaches of warranty in the quality of the horses, total failure of consideration, and fraudulent representations made by the plaintiff at the time of sale. Demurrers were interposed to the pleas, the demurrers sustained, and the defendants elected to abide by the pleas. The cause was then tried on the general issue only. Under this issue the defendants offered to prove in mitigation of damages, "that when the agreement was made and the horses delivered, the plaintiff falsely and fraudulently represented to the defendants that the said band of horses had all been lassoed and examined in California, as to their age and sound condition before he had left California for Colorado Territory, the spring previous, and that none of said horses were unsound or above the respective ages of six and seven years. That two hundred and fifty were old and unsalable at any price, and fifty were unsound and of no value whatever,—all of which was then well known to the plaintiff, and unknown to defendants; that said horses were wild and untamed California horses, running at large on the prairie, and that it was then impossible for the defendants to examine them, and relying on the false and fraudulent representations of the plaintiff, were by means thereof induced to enter into the agreement and receive the horses from the plaintiff as sound, healthy and young horses, when, in truth and in fact, three hundred of said horses were not of the age and quality as the same had been warranted by the plaintiff, and were unfit for use. Also that the defendants sold said horses and warranted them to be sound and not over seven years of age, and that they made the said warranty relying on the truth of the representations of the plaintiff. That the defendants were afterward required to rescind the sale and take the horses back in consequence of their unsound condition and their age, and that they had suffered damages in consequence to the amount of $10,000."

The court rejected this offer of proof, and the plaintiff obtained a verdict in $8,847.94. A motion for a new trial

having been submitted and overruled, judgment was entered on the verdict, and the defendants appealed to this court.

Messrs. BROWNE & PUTNAM, for appellants.

Messrs. SAYRE, WRIGHT & BUTLER, for appellee.

ELBERT, J. The demurrer to the two special pleas of the defendants below was properly sustained.

The second plea is a plea of *total* failure of consideration, whereas the matters alleged, properly pleaded, amount only to a partial failure.

The third plea is a plea of fraud, not affecting the execution of the notes, but the quality and value of the horses for which the notes were given.

It is not necessary, as claimed by counsel for the appellees, that the plea should allege a return of the horses, or an offer to return.

In case of fraudulent representations about the quality of the thing purchased, the vendee may rescind the sale, or he may retain the property and recover damages for the fraud, or he may *recoup* in damages, if sued by the vendor for the price. Benj. on Sales, 452; Sedgw. on Dam. 359.

The defendants having elected to affirm the contract after discovery of the fraud, the right to rescind was extinguished but their right to *recoup* remained unimpaired.

In such case the measure of damages would be the same as in an original action, that is to say, the difference between the true value of the horses at the date of the sale, and what the value would have been, had the representations been true, with the addition of such special damages as were the *natural* and *probable* consequences of the fraud. *Sharron* v. *Mosher*, 17 Barb. 520; *Wheeler* v. *Randall*, 48 Ill. 182; *Sherrod* v. *Langdon*, 21 Iowa, 518.

The damages, however, sought and claimed by this plea, are damages arising from a resale of the horses to a third person with warranty, which they afterward, as they aver,

were required to rescind, and "compelled to take the horses back in consequence of their unsound condition and their age," and that in consequence they were damaged in the sum of $10,000.

The rule, as stated above, requires that the damages should be the *natural* and *probable* consequences of the fraudulent representations. We do not think the damages sought by this plea were within the rule. They are remote and by no means the natural or probable result of the fraud claimed. Such a rule might subject the vendor to the most unconscionable damages by reason of a sale to a third person, paying extravagant prices for horses. It would be to make the judgment, or want of judgment of a third person purchasing the horses, the standard by which to measure the liability of the vendor for his fraud.

The plea is therefore bad, and the demurrer was properly sustained.

Upon the trial the defendant offered to prove under the general issue in *mitigation of damages* "that the said several promissory notes described in the plaintiff's declaration, and each of them, were executed by defendants for a part of the purchase-money of a certain band of California horses, bought by them from plaintiff, for the sum of nine thousand four hundred and twenty-three dollars, of which sum, one thousand four hundred and twenty-three dollars was paid at the date of the purchase, and for the balance of which said notes had been given; that when said agreement was made and the horses delivered, the plaintiff falsely and fraudulently represented to the defendants that the said band of horses were sound, and not over the ages of six and seven years respectively; that a large number of said horses were unsound, and old, and unsalable, to wit: three hundred of them, which defects and facts were known to the plaintiff and unknown to defendants, and that defendants, relying on these false and fraudulent representations alone, they purchased said horses, and that because of said defects the consideration of said purchase to the amount of said promissory notes had failed."

The exclusion of this testimony is assigned for error.

In the case of *Withers* v. *Green*, 9 How. 113, Mr. Justice Daniel states the American doctrine of *recoupment* as follows: "That upon the principles of justice and convenience, and with a view to prevent litigation and expense where fraud has occurred, or where there has been a failure of consideration, total or partial, or a breach of warranty, fraudulent or otherwise, all or any of these facts may be relied on in defense, by a party when sued on such contract, and that he shall not be driven to a cross action."

The question here presented is not the right of the defendants to recoup their damages, but whether they could avail themselves of this defense under the plea of *non assumpsit*.

Mr. Sedgwick says: "As to the way in which the defense of *recoupment* is to be set up, it is now settled, that evidence to support it, if total and going to the whole action, will be received under the general issue, but where it is only partial, it cannot be pleaded, and notice must be given with the plea." Sedgwick on Dam. 542. In New York, notice is an essential feature of the practice, and so in most of the other States. Ib.; *Burton* v. *Stewart*, 3 Wend. 236; *Whitebeck* v. *Skinner*, 7 Hill, 54; *Mayor of Albany* v. *Trowbridge*, 5 id. 71; *Wellsville* v. *Geisse*, 3 Ohio St. 536; *Hearton* v. *Colgrove*, 3 Ind. 266; *Estep* v. *Morton*, 6 id. 489.

The doctrine of notice is founded on the plainest considerations of justice. The end is to guard against surprise and the allowance of ill-founded claims of damages, without giving the plaintiff a fair opportunity to contest them. And while on the one hand the tendency has been to enlarge and favor defenses by way of *recoupment*, on the other, the necessity of protecting the rights of the plaintiff against surprise has become more prominent, and the requirement of notice very generally insisted upon as essential to the protection of plaintiffs. The English rule, while recognizing the general doctrine of *recoupment*, is equally careful in guarding the rights of the plaintiffs.

Mr. Justice DANIEL, in the same case of *Withers* v. *Green*, after a review of the English decisions respecting *recoupment*, says: "It would seem then fairly deducible from the reasoning of the English judges * * * * that this defense * * * * would be deemed permissible whenever it could be alleged without danger of surprise, and consistent with safety to the real rights of the parties, and it appears to be a deduction equally regular, that where notice of the defense was given, either by pleading or other effective proceeding, neither surprise nor any other invasion of the rights of the parties could occur or be reasonably apprehended."

On principle, we doubt whether notice should be dispensed with in any case where this defense is sought to be interposed, and is not specially pleaded, except perhaps where the suit is on a *quantum meruit*, where the plaintiff is supposed to come prepared to show his right to recover, and to encounter any and all objections in conflict with the position he assumes and must maintain.

The exception made respecting "evidence which is total and going to the whole action," is questioned in the case of *Wellsville* v. *Geisse*, 3 Ohio St. 536, and appears to be in conflict with the doctrine laid down in several New York cases. *McCullough* v. *Cox*, 6 Barb. 391; *Nichol* v. *Dusenbury*, 2 Comst. 382; *Burton* v. *Stewart*, 3 Wend. 236. This last case holds the doctrine, that where the defendant retains the property, he cannot say that the property is valueless, or treat the sale as void; and the two former cases, that *recoupment* can never be in bar of the action. As *recoupment*, even as enlarged in its meaning by modern usage, signifies nothing more than a reduction of damages, logically, it would seem to follow that it could not be had under a plea, the office of which is to set up a complete bar. *Wellsville* v. *Geisse*, 3 Ohio St. 536, and cases above cited.

It will be observed that the evidence offered by the defendants under the general issue was in mitigation of damages; an offer going only to reduce the amount of the

plaintiff's claim, and not to destroy the cause of action entirely.

Of this defense there was no notice, and the evidence was properly excluded.

The motion for continuance was based on the absence of witnesses whose testimony, as set forth in the affidavit of Lilley, had they been present, could not have been received under any issue made by the defendants.

The judgment of the court below is affirmed, with costs.

*Affirmed.*