[No. 3798.]

ADAMS v. THE PEOPLE.

1. OFFICES AND OFFICERS—FAILURE TO PAY OVER MONEY COLLECTED —INDICTMENT—DUPLICITY.

Under section 1246, Mills' Ann. Stats. providing that if an officer in-trusted by law to collect money for a county shall fail or refuse to pay over all moneys so collected when required, he shall, if the amount equal $100, be punished by confinement in the penitentiary, an indictment which charges a clerk of the district court with fail-ure to pay over a large number of jury and witness fees amounting to several thousand dollars is not defective as charging a number of offenses in one count because the fees were collected by him at va-rious times in small amounts, nor because part of it was collected during each of three different appointments under which he acted in discharge of his official duties.

2. COLLECTION BY OFFICER OF CHECKS INSTEAD OF MONEY.

Where the clerk of a district court received payment of jury and wit-ness fees in checks and drafts which he deposited in bank to his credit, it was equivalent in law to the collection by him of money, and it was his duty to pay over to the county the money thus col-lected and for failure to do so he might be prosecuted under a charge of failure to pay over money collected.

3. CLERKS OF DISTRICT COURT.

The clerk of the district court is an officer in this state intrusted by law with the collection and receiving of jury and witness fees and as such is subject to prosecution under section 1246, Mills' Ann. Stats. for failure to pay over such fees.

4. STATUTORY CONSTRUCTION—REPEAL—OFFICES AND OFFICERS.

The act of 1891 known as the salary act (Sess. Laws, 1891, p. 314) requir-ing county officers to pay into the county treasury all fees collected in excess of their fixed salaries and providing a penalty for a fail-ure to do so does not repeal section 1246, Mills' Ann. Stats. provid-ing a penalty for all officers intrusted with the collection of money for a county who shall fail to pay over all moneys collected. Jury

fees and witness fees were not within the purview of the salary act, and do not constitute any part of the fees which the clerk of the district court is thereby required to collect and pay into the district court fee fund.

*Error to the District Court of Arapahoe County.*

Messrs. WARD & WARD, Mr. JOSEPH W. TAYLOR, Mr. T. B. STUART and Mr. W. F. FREEMAN, for plaintiff in error.

Mr. BYRON L. CARR, attorney general, Mr. CALVIN E. REED and Mr. JOHN D. FLEMING, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Matthew S. Adams, the defendant, was the clerk of the district court of Arapahoe county from September, 1891, until November, 1895. As such officer, he was authorized, under section 2621, Mills' Ann. Stats. (Gen. Stats. 1883, sec. 1921) to collect and receive a jury fee of $5.00 as a part of the costs of suit in each cause tried by a jury, and under section 1863, Mills' Ann. Stats. (Gen. Stats. sec. 1412) to collect and receive.witness fees taxed as costs in actions tried in the district court, and it was made his duty to pay into the treasury of the county all jury fees when collected, and all witness fees that remained in his possession for a period of three months.

The indictment upon which the defendant was tried, convicted and sentenced for the term of five years in the penitentiary contained originally six counts, all of which were, on his motion, quashed except the third, and it was based upon section 1246, Mills' Ann. Stats. (Gen. Stats. sec. 769) which, so far as applicable here, is, in substance as follows :

"If any officer or person who is now or hereafter may be intrusted by law to collect, disburse, receive or safely keep any money or moneys, * * * belonging * * * to any county in this state * * * shall fail or refuse to pay over all moneys,

* * * which any such officer or person shall receive * * *
or shall collect * * * when such officer or person shall be
thereto required by law, and demand duly made * * * if
such demand be practicable, every such officer or person shall
on conviction thereof be punished by confinement in the peni-
tentiary for a term of not less than one year nor more than
ten years; *Provided*, that no person shall be committed to
the penitentiary under this section, unless the money not
paid over shall amount to $100, or it appear that such failure
or refusal shall be occasioned by unavoidable loss or accident. ''

This statute has been in force in this jurisdiction since 1861.
The charge thereunder in substance is that the defendant, on
the 21st day of November, 1895, being then the clerk of the
district court, failed and neglected to pay over to the treas-
urer of Arapahoe county $9,800 of moneys then belonging to
said county which he had received and collected in his capac-
ity as clerk, and which he was required by law to pay to the
treasurer of the county, demand therefor being impracticable
owing to defendant's flight and absence from the country.

Before the trial defendant demanded a bill of particulars,
and it was furnished by the district attorney under order of
the court from which it appears that the money in question
collected by defendant was made up of a large number of jury
and witness fees and also a certain amount of fees earned by
the clerk himself and in excess of the amount of his official
salary, and which, under the salary act of 1891 (Session Laws
of 1891, p. 307, *et seq.*), he was required to pay into the
county treasury.   Before the case was submitted to the jury,
the court, at the request of the district attorney, withdrew from
their consideration all evidence relating to the district clerk's
fees, and submitted only that pertaining to witness and jury
fees.

The defendant offered no evidence in his own behalf, and
as the bill of exceptions contains none of the evidence pro-
duced by the people, the facts are not before us for review.

A large number of assignments of error have been made by
the plaintiff in error (defendant below) upon which he relies

for a reversal of the judgment against him, but only three general assignments, involving solely legal questions, have been argued by his counsel, and to them, under our rules, we limit the discussion. They are, *first*, that the third count of the indictment upon which the defendant was convicted contains more than one offense; *second*, that there was a variance between its allegations and the proof; *third*, that section 1246, *supra*, under which the count was drawn, does not cover delinquencies of clerks of district courts, but, if so, it was repealed by the so-called salary act of 1891, above referred to.

1. An examination of the indictment shows that, on its face, only one offense is charged, viz : that the defendant failed to pay into the county treasury, as it was his duty to do, money collected by him belonging to the county. This is conceded by counsel for plaintiff in error, but they insist that when the bill of particulars was furnished, and it showed that this aggregate amount was composed of a large number of distinct items of collections made at different times and from different sources, and inasmuch as some of it was collected by defendant during each one of the three separate and distinct appointments by virtue of which he held his office, that these matters must be taken as though incorporated in the indictment itself, and, in this view, that the count shows upon its face that it contains a large number of distinct crimes.

The argument proceeds, in part, upon the assumption that the offense prohibited by this statute is strictly that of embezzlement. The offense of embezzlement, at the common law, and generally under statutes, involves the idea of an appropriation or conversion to his own use by the wrongdoer of another's property intrusted to him for some purpose. It would be competent, we suppose, for the legislature to prohibit the doing of a certain act and designate the act prohibited embezzlement, even though this notion of conversion or appropriation was absent. While the compiler of Mills' Annotated Statutes seems to class the act prohibited in this sec-

tion as embezzlement, the section itself does not so designate it, and so we must consider the language employed for the purpose of determining its character. It is not necessary that we give to the offense any particular name. The mere failure or neglect of the persons or officers, in the circumstances specified, to pay into the county treasury moneys collected by them constitutes the offense, whatever be its character, for which the punishment is inflicted, without regard to the question whether or not it has been appropriated or converted by them to their own use. The section does not purport to cover the case of an ordinary embezzlement, and provision is elsewhere made therefor, nor a case of embezzlement of distinct and separate witness fees and jury fees which may be collected by the clerk of the district court, but it is for his failure to pay into the treasury money collected by him, from whatever source, regardless of the number of distinct items composing it, that the penalty is provided.

Since the district attorney elected to withdraw from the consideration of the jury all the testimony relating to the fees of the district clerk, we are relieved of the necessity of determining whether, if that testimony had remained, the defendant would have been proceeded against under one count of the indictment for both a felony and a misdemeanor.

We must not be understood as holding that under the evidence in this case the defendant might not also have been convicted of the crime of embezzlement. When it is considered how difficult, and almost impossible, it would be for the people to prove each distinct item, and the source whence it was derived, included in the aggregate amount embezzled by a public officer, through a series of months or years, the reason is apparent why the courts in such cases have sustained convictions for embezzlement upon the kind of evidence that is pertinent to the crime here charged. To this point the following, among other authorities, may be cited: *State v. Cameron*, 3 Heisk. 78; *State v. Leonard*, 6 Caldw. 307; *State v. Mason*, 108 Ind. 48; *State v. Smith*, 13 Kan. 274; *People v. McKinney*, 10 Mich. 54; *State v. Carrick*, 16 Nev. 123;

*State v. Flint*, 62 Mo. 393; *State v. Munch*, 22 Minn. 67; *Ker v. People*, 110 Ill. 645.

The contention of counsel, as stated, is that, under this section, the people may not, in one count, proceed against an officer for failure to pay over moneys made up of distinct jury fees and witness fees, but each count of an indictment is to be limited to each of such separate items. However this might be if the offense was embezzlement strictly, concerning which we express no opinion, we are clear that it has no application to an indictment under this section. That such was not the intention of the legislature is apparent from the fact that provision was made whereby imprisonment in the penitentiary could not be inflicted unless the money not paid over should amount to $100. The section must be interpreted in the light of other provisions of our statutes. Certainly it was contemplated by this section that there might be a failure of the clerk to turn over at least $100, in his possession at one time, and for such failure he should be sent to the penitentiary. A jury fee, however, cannot exceed $5.00 in any one case, and the instances would be rare indeed where the witness fees of any single witness in any case would amount to $100; so that, if the legislature had intended to confine the prosecution, in each count, to each separate collection made by this officer, the provision with reference to the $100 would be meaningless. But the entire argument fails when it is considered that the offense under this section of the statute, whatever the same, or similar, acts may be under other statutes, consists in the failure, on proper demand, to turn over money of the county which the officer has collected. It makes no difference from what source, or from how many sources, the money is derived; for, when collected, whatever be the sum, large or small, the county becomes the general or special owner of it, and an indictment which charges the failure to pay it over may not be said to consist of more than one offense because the aggregate amount is made up of a number of jury fees or witness fees, or because part of it was collected by the clerk under each of the three different ap-

pointments under which he acted in the discharge of his official duties.

2. The charge was a failure to pay over money. The evidence is that checks, moneys and drafts indiscriminately were received by the clerk for jury fees and witness fees, and these checks and drafts were indorsed and deposited by him in bank, and credit therefor given to his account, and that checks drawn by him upon this account were presented and paid from time to time. The alleged variance is said to consist in the fact that there was not sufficient proof that any moneys had ever been received by him, or, in other words, that the mere fact that some of the fees collected were paid by checks or drafts were not equivalent to a receipt by the clerk of money.

It being his duty, under the statute, to receive as jury fees and witness fees only money, if the clerk chose to take some other form of property which thereafter he converted into money, we are of opinion that this was equivalent in law to the collection by him of money, and it was his duty to pay over to the county money for the fees thus collected.

3. We may safely concede, so far as concerns any question properly in this case, all the various legal propositions raised under the third assignment, and we do not question the soundness or correctness of the cases cited in their support. It is true that if two statutes on the same subject, having the same object, are mutually repugnant and irreconcilable, the later act without any repealing clause operates, in the absence of an express intent to the contrary, as a repeal of the earlier. We deny, however, the applicability of the authorities cited, as well as the legal propositions, to the facts of this case. That the section upon which the prosecution is founded is broad enough to include delinquencies of clerks of district courts, would seem too clear for argument. The clerk of the district court is certainly an officer in this state, and he is, by law, intrusted with the duty of collecting and receiving jury fees and witness fees, and the statutes already cited which intrust him with this power also require him, in the circum-

stances designated, to pay over the same to the county treasurer when proper demand is made. The section, therefore, clearly comprehends the case that we are considering.

The other proposition contended for that this section, if it ever was applicable, has been repealed by the so-called salary act of 1891, is entirely without merit. Section 1246 does not relate to fees prescribed for the clerk of the district court for services performed by him, and which he was authorized to collect, for the reason that, prior to 1891, these fees were his property, and not that of the county, and were, in law, considered a part of his compensation for performing his official duties. By the salary act of 1891 a partial change in this respect was made, and the fees of his office, in excess of his salary, became the property of the county, and at stated times the clerk was required to pay the same into the county treasury. This act was under consideration in this court in the case of *Airy v. The People*, 21 Colo. 144. It was there held that its principal subject-matter was the compensation of public officers, and, as a subordinate branch of the general subject, provision was made for the collection and disposition of fees which those officers were authorized to collect, to be applied on their compensation.

That act, together with the fee act passed at the same session of the legislature, effected a change in the compensation of certain public officers, and was a step in the direction of substituting salaries, instead of fees, therefor. Neither the subject nor the object of the salary act was the same as the subject or object of section 1246, nor was the latter intended to be repealed by the former. Jury fees and witness fees were not within the purview of the salary act, and do not constitute any part of the fees which the clerks of the district court are thereby authorized to collect and pay into the district court fee fund. This fee fund mentioned in section 5 is the fund out of which the clerk's salary is to be paid, and is made up of fees which he is authorized by law to collect for services rendered by him in discharging the duties of his office, and witness fees are not, and in the nature of things could not be,

any part of this fund, and, in the absence of a statute so providing, jury fees could not be so applied.

Section 24 of the act is the one providing a penalty of imprisonment in the county jail, or fine, or both such fine and imprisonment, for failure of the district clerk to pay over to the county treasurer the fees of his office. It is contended by plaintiff in error that this section provides the only punishment the act contains for a failure of the clerk of the district court to pay over witness fees or jury fees that he may have collected, and being inconsistent with the penalty contained in section 1246 the latter is repealed. But it is clear from what we have said and from an examination of the salary act that the penalty provided in this section was intended to apply, and does apply, only to the failure to pay over excess fees of the district clerk proper; that is, fees (in excess of the amount of his salary) which he is authorized to collect for services rendered by him in his official capacity in the discharge of the duties of his office, and has no application whatever to jury fees and witness fees which the clerk collects and must disburse in accordance with other provisions of law to which we have already referred.

We are clearly of the opinion that no error was committed by the district court, and for that reason its judgment should be affirmed, and it is so ordered.

*Affirmed.*