[No. 4890.]

### FROST, AS JUDGE, ETC., v. BOARD OF COUNTY COMMISSIONERS OF TELLER COUNTY.

1. **Appellate Practice — Pleading — Complaint—Failure to State Cause of Action—Question Raised First on Appeal.**

A complaint which fails to state a cause of action, although not challenged by demurrer below, may be questioned first on appeal.—P. 45.

2. **Pleading—Judges—Fees—Accounting.**

Section 1936c1, Mills' (Rev.) Stats., provides that any balance left to the credit of the funds of the various county officers from fees collected in any year, after all the salaries and compensation provided for shall have been paid to the end of the year, shall be placed to the credit of the general county fund; and section 1936z requires each officer to keep an account of the fees, and all necessary expenses paid out, in a separate book open to the inspection of the board of county commissioners. Held, that, in an action to recover a certain surplus remaining from the fees of the county judge for one year, which was not paid into the county treasury, the complaint should allege the proportion of such amount actually collected by him and unpaid, and the amount uncollected.—P. 46.

3. **Same—Negligence—Willfulness.**

Section 1936d, 1 Mills' (Rev.) Stats., provides that every officer named therein shall collect every fee, as prescribed in

the act, for services performed by him, in advance, if the same can be ascertained, and when any officer shall negligently or willfully fail to collect any such fee, the same shall be charged to him on account of his salary. Held, that a complaint against a county judge for surplus fees uncollected should allege that his failure to collect the same was negligent or willful.—P. 47.

4. Judges—Official Duties—Presumption.

The general presumption of law is, that a public officer has performed his duty, and this presumption is applicable to the duty of a county judge to pay into the county treasury the surplus fees of his office.—P. 47.

5. Practice in Civil Actions—Judges — Accounting — Burden of Proof.

While, in a suit against a county judge to recover the surplus uncollected fees of his office, the burden of proof is on the county commissioners to show that the fees were negligently or willfully left uncollected, slight evidence is sufficient to shift the burden of proof on the officer to establish the exercise of reasonable diligence in endeavoring to collect such unpaid fees. —P. 47.

6. Judges—County Judge—Clerks—Accounting.

Where a county judge is authorized to appoint a clerk, but is also entitled to perform such duties and retain the clerk's compensation as a part of his salary, and he appoints a clerk who does not properly qualify but assumes charge of the collection and disbursements of fees, the fact that the clerk exercises such duties does not relieve the judge from liability to account for surplus fees earned in his court during such time.—P. 49.

*Appeal from the District Court of Teller County.*
*Hon. Robert E. Lewis, Judge.*

Action by the board of county commissioners of Teller county against Albert S. Frost, as judge of the county court. From a judgment for plaintiff, defendant appeals.    ·              *Reversed.*

Messrs. Temple & Crump, Mr. J. J. McFeely, Mr. B. W. Coleman, and Mr. R. Graham, for appellant.

Mr. L. G. Campbell, for appellee.

Mr. Justice Helm delivered the opinion of the court:

This action was brought against appellant as judge of the county court of Teller county, for the purpose of recovering the fees earned by that court for the year 1902 in excess of the amount allowed appellant by law as salary, including clerk hire.

The amended complaint alleges that during the year mentioned said court earned in fees $6,006.30; that appellant was entitled to deduct therefrom the sum of $4,200.00 as salary and clerk hire; that there remained the sum of $1,806.30 which, under the law, should have been paid into the county treasury, but that notwithstanding repeated demands no part of this sum had been so accounted for; and judgment was prayed for the full amount. The answer, omitting portions eliminated and abandoned, admits the allegations of the complaint, which state the election and qualification of defendant as county judge, and the earning by the county court during 1902 of $6,006.30; but it denies that this sum came into appellant's hands or was then in his possession. It further alleges that one Brewster was appointed clerk of the court; that he filed his bond and oath of office; and that he was throughout the said year 1902, and at the time of the commencement of the suit such duly appointed, qualified and acting clerk. It denies every other allegation of the complaint.

The main ground relied on for reversal is that the amended complaint failed to state a cause of action. If the objection is well taken, the judgment must be set aside. For, although that pleading was not challenged by demurrer, this objection may, under our practice, be presented at any time.

The action evidently rests upon sections 1936c1 and 1936d1, Mills' (Rev.) Stats. And it is contended on behalf of appellant that under these statutes the burden devolved upon the board of county commissioners, as plaintiffs below, to plead and prove a

failure to account for so much of this surplus fund as was collected, and also negligence or willfulness on the part of appellant in failing to collect the remainder thereof.

Section 1936c1 provides, *inter alia,* that:

"Any balance left to the credit of said funds (from fees collected by the officers named), in any year, after all the salaries and compensation provided for in this section shall have been paid to the end of such year, shall be placed to the credit of the general county fund."

It appears from the evidence that of the $6,006.30 earned during the year 1902, the sum of $859.35 was not collected, and $438.60 had, previous to the commencement of the suit, been paid into the county treasury.

By another statute—Mills', § 1936z—a full and accurate account of all fees and emoluments received and of all clerk hire and other necessary expenses paid out, must be kept by each of the county officers named, in a separate book provided for the purpose. This book is at all times subject to inspection and examination by the board of county commissioners. It does not appear that appellant failed or neglected to keep this book of account, or that the county commissioners were prevented from examining the same; hence there would have been no difficulty in determining the exact proportion of the $1,806.30 actually collected and not paid into the county treasury; nor would that body have experienced any trouble in fixing the amount of such surplus fees remaining uncollected. And we think that the complaint should have alleged these particulars.

Section 1936d1, above referred to, reads:

"Every officer named herein shall collect every fee, as prescribed in this act, for services performed by him, in advance, if the same can be ascertained,

and when any officer shall negligently or willfully fail to collect any such fee, the same shall be charged to him on account of his salary.''

By this statute the duty of collecting fees in advance is imposed upon the officer where the same can be ascertained; but the fact is recognized that sometimes such prior ascertainment may be impossible, and therefore the fees may not be so collected. In order to stimulate or coerce the collection of the fees earned and belonging to the county, to wit, the excess above the sums necessary to make up the officer's salary, the penalty of charging the uncollected portion thereof against his salary is provided; but this penalty is not to be enforced unless the failure to make such collection is due to the negligence or willfulness of the delinquent official.

It follows, therefore, that the essence of the present action, in so far as it involves the uncollected fees, is negligence or willfulness on the part of appellant in the premises. And we are of opinion that the complaint is further defective because it entirely fails to charge any such negligence or willfulness.

The general presumption of law is, that a public official has performed his duty.—16 Cyc. 1076; Mechem on Public Officers, § 579. And we know of no reason why this presumption should not be indulged in favor of appellant, in the first instance. It is true that it may be difficult for the county commissioners to prove the negligence or willfulness of a public official under such circumstances; but the mere existence of such difficulty does not relieve them from making the allegation, and at least presenting a *prima facie* case in support thereof. Owing to the fact that the nature of the efforts made to secure the uncollected fees, as well as the circumstances attending such efforts, are, in general, almost exclusively within the knowledge of the officer and com-

paratively easy of proof by him, we think that slight
evidence in support of the averment of negligence
or willfulness should be sufficient to shift the burden.
And although the burden here does not shift in the
first instances, as it sometimes does where a negative
averment is relied on—*Machebeuf v. Clements*, 2
Colo. 45—yet when such *prima facie* showing is
made, it should devolve upon the officer to produce
proofs establishing the exercise of reasonable dili-
gence in the endeavor to collect the unpaid fees.

In view of another trial, it is important to notice
the allegations of the answer touching the appoint-
ment of a clerk of the county court. These aver-
ments rest upon the theory that by such appointment
appellant relieved himself from all liability in the
premises, and the action should have been brought
against his clerk.

Judges of the county court are required to
execute bonds in a sum not less than $5,000.00, con-
ditioned upon the faithful performance of their
duties and the faithful application of all moneys that
may come into their hands, as such officers. A county
judge may appoint a clerk of his court, who dis-
charges the functions usually devolved upon that
officer; or the judge may perform those duties him-
self and retain the portion of his salary which is
designated as the clerk's compensation. There is no
express statutory provision relieving the judge from
responsibility for the collection or disbursement of
moneys earned, by reason of the appointment and
due qualification of a clerk. But as to such liability
we express no opinion; any decision of the subject
being rendered unnecessary by the fact that
Brewster, appellant's appointee, did not qualify for
said office in the manner provided by law.

On January 14th, 1902, Brewster executed a
bond in the sum of $5,000.00, which was approved

by appellant. But this bond was never filed in the office of the secretary of state, nor was it ever approved by the board of county commissioners of Teller county; neither was it filed with the clerk and recorder of Teller county until nearly ten months after expiration of the year 1902, the period involved in the present accounting. So that whether a clerk of the county court, when one is appointed, is to qualify in the same manner as clerks of the district court, or whether he is to be treated as a county officer and is governed by the statute touching those county officers who are required to give bond, Brewster's attempted qualification was insufficient. He was, therefore, not legally authorized to enter upon and discharge the duties of clerk of the county court during the year 1902.

It may be that Brewster might be held liable for his acts or omissions in the premises as a *de facto* officer. But it was certainly the duty of appellant as county judge, when he exercised the option of appointing a clerk instead of performing the functions of clerk himself, to see that before entering upon the discharge of such functions a bond was executed, approved and filed and the other acts essential to the due qualification of his appointee were performed, in accordance with law. And when appellant permitted Brewster to enter upon the office and take charge of the collection and disbursement of fees without such compliance, his liability remained the same as if he had made no effort to appoint a clerk.

The judgment of the court below will be reversed and the cause remanded with permission to amend the pleadings and proceed in accordance with the views above expressed.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.