Walling, Judge.
*316 Appellant, a former county judge of Kit Carson county, was defendant in the action in the district court, and has appealed from the judgment therein rendered against him in favor of the board of commissioners of that county. The abstract of record contains the following pleadings in the action, to-wit, a second amended complaint, the answer thereto, and the replication to that answer. The second amended complaint set forth two causes of action, in the first of which it was charged that the defendant, while county judge, collected and received fees for services rendered by him as such officer, in excess of his salary and legal expenditures, to the amount of $52.40, which he had failed to pay over to the county treasurer. No question affecting the judgment upon this cause of action has been argued, and no further special comment will be made with respect to it.
The facts stated in the second cause of action, as to the alleged liability of the defendant therein asserted, are substantially the following. During the year from January, 1904, to January, 1905, the defendant was the county judge of said county, and as such was entitled to a salary of one thousand dollars, the full amount of which, with all expenses to which he was entitled, was retained by him out of the fees and earnings of the office collected by him. During the same year, he performed services, incident to the duties of his office, for which certain fees were by law required to be charged and collected, and thereby earned surplus fees, above his salary and expenses, amounting to the sum of $3,-645.95. These last fees were earned by reason of the performance by .the defendant of various ser *317 vices, shown by the records and files of cases, and other proceedings in his court, and also appearing from a record kept by him of miscellaneous services performed, such as taking’ acknowledgments, making certified copies, etc. A “schedule,” purporting to show the fees legally chargeable .for those services, aggregating the sum last mentioned, was set out in the complaint; and it was alleged that the defendant had neglected and omitted to tax those fees, or to account for the same in any manner, as earnings of his office; and that he negligently and wilfully failed to collect such fees. The defendant answered at considerable length, setting up several defenses to the causes of action alleged in the complaint. The affirmative defenses were sufficiently put in issue by the replication; and, in view of the condition of the record, it is unnecessary to consider any of those defenses. The first defense pleaded amounted to a general demurrer to the complaint. It appears from the abstract that a hearing was had upon the demurrer contained in the answer, and the same was overruled, prior to the filing of the replication. One of the defenses, after admitting the defendant’s incumbency of the office, during the time mentioned in the complaint, the collection of fees earned therein, and payment therefrom of the defendant’s salary, averred that the defendant had duly and fully reported and made accounting for the fees and earnings of his office, and had paid over all surplus earnings to the county treasurer; and denied all allegations of the complaint not specifically admitted. It further appears that.the cause was tried to the court, who found that the defendant was “indebted *318 to tlie plaintiff, by reason of the matters and things set forth and alleged in the complaint, in the sura of $1,507.95, for fees, commissions and emoluments earned while judge and acting clerk of the county court of Kit Carson county, Colorado, during the year 2904, and which said defendant negligently failed to collect, and failed and refused to pay over to said Kit Carson county; and' that said sum is over and above the earnings, heretofore reported by defendant to plaintiff, and above all salary and expenses to which - the said defendant became and was entitled for said period of time;” and judgment was rendered against the appellant for the sum last mentioned. There is no bill of exceptions; hence the evidence and proceedings at the trial are not before us.
The demurrer was to the complaint as a whole. Therefore, it was properly overruled, if either cause of action of the complaint was good. Campbell v. Shiland, 14 Colo., 491. It has not been claimed, in argument, that the first cause of action was insufficient, and for that reason alone, the assignment of error based upon the overruling of the general demurrer cannot be sustained. We are bound to assume that the evidence supported the court’s findings and judgment, provided that the judgment was authorized by the allegations of the complaint, under any conditions of proof. So that our investigation, upon this record, is limited by the rule, which was declared in Barr v. Foster, 25 Colo., 28, as follows:
“As we have frequently held, an exception is necessary to enable this court to review the judgment or decree of the trial court upon the evidence; but in none of the cases is it held that an exception *319 to the judgment is necessary to enable the court to examine and correct an error apparent upon the record; but, on the other hand, the rule is, when the error in the judgment does appear in the record proper, the court will consider and correct it, although no exception has been taken. Thornton v. Brady, 100 N. C., 38; In re Johnston, 54 Kan., 726; Gower & Holt v. Carter & Shattuck, 3 Iowa (Cole’s ed.), 244; Jones’s Heirs v. Jones’s Adm’r., 42 Ala., 218. Since the abstract nowhere mentions the fact that a. demurrer was interposed, or presents the ruling thereon, we are not at liberty under our rules, to consider this assignment; and the only question presented for our determination is as to the sufficiency of the allegations of the complaint to sustain the decree rendered; in other words, whether the complaint states any cause of action, and if so, whether such cause of action entitles plaintiff to the relief granted.”
The rule that the allegations of the complaint will be examined, on appeal, to determine whether they sustain the judgment, was applied in the case of Frost v. Board of County Commissioners of Teller County, 43 Colo., 43; and that decision, in its implications, at least, furnishes a direct and controlling precedent for the holding that the second cause of action of the complaint now being considered shows a right of recovery, to some extent, against the appellant. In the Teller county case, the defendant was sued, in a single cause of action, for the amount of surplus fees, alleged to have been earned by him, as county judge, in excess of his salary. It did not appear from the averments of the complaint, as stated in the opinion of the *320 court, whether the fees sued for had been collected by the officer, or not; but the evidence showed that a part of the total amount claimed had not been collected. It was held that the complaint was insufficient to sustain the judgment, which had been rendered against the defendant. Mr. Justice Helm, delivering the opinion of the court, referred to section 1936d1, 3 Mills’ Ann. Stat. (Rev. Sup.), which reads: “Every officer named herein shall collect every fee, as prescribed in this act, for services performed by him, in advance, if the same can be ascertained, and when any officer shall negligently or wilfully fail to collect any such fee, the same shall be charged against him on account of his salary.” (This was section 23 of the “act to provide for the payment of salaries of certain officers,” etc., approved April 6th, 1891.)
The learned justice, commenting on that section, said:
“By this statute the duty of collecting fees in advance is imposed upon the officer where the same can be ascertained; but the fact is recognized that sometimes such prior ascertainment may be impossible, and therefore the fees may not be so collected. In order to stimulate or coerce the collection of the fees earned and belonging to the county, to-wit, the excess above the sums necessary to make up the officer’s salary, the penalty of charging the uncollected portion thereof against his salary is provided ; but this penalty is not to be enforced unless the failure to make such collection is due to the negligence or wilfulness of the delinquent official. It follows, therefore, that the essence of the present action, in so far as it involves the uncollected fees, *321 is negligence or wilfnlness on tlie part of the appellant in the premises. And we are of the opinion that the complaint is further defective because it entirely fails to charge any such negligence or wilfulness. ’ ’
From reading the entire decision, the conclusion is plain that the court was of .the opinion that the penalty could be enforced, under sufficient ■ allegations, in an action brought by the board of county commissioners against the delinquent county officer. In this view, the averments of the second cause of action here under consideration stated a cause of action to recover the statutory penalty, for the alleged wilful or negligent failure of the defendant to collect the fees therein referred to, within the ruling of the Teller county case, and stated no other cause of action. And the conclusion follows that the judgment against appellant was correct, upon the record,, to the amount of the penalty prescribed by the statute. While it appears that counsel for the county board do not, in argument,. expressly rely upon the decision in Frost v. Teller County, they have not suggested any other principle by which their second cause of actio,n may be supported. The two causes of action stated in the complaint are thus summarized by counsel for the appellee county; “First, to recover from the defendant the sum of $52.40, for ‘services rendered as county judge and acting clerk of Kit Carson county, during the year 1904, to and including January 9th, 1905, when his term expired, which said earnings were taxed upon Ms record and were collected by Mm, but were never accounted for in any manner, although representing an excess or surplus *322 over and above liis salary of one thousand dollars per year which had been paid to him for said period of time. Second, to recover upon another cause of action (as shown by the schedules itemizing alleged earnings) the sum of $3,645.95, for services performed by him in the aforesaid capacity, and as taxed in accordance with the fee and salary act of our statute in respect to fifth class' counties; and the defendant is charged in this, the second cause of action, with having performed such services, but that he never taxed the same upon his records in any manner as fees earned, and never accounted for them in any manner; that he never collected the same, and that his failure to do so was neglect.” In other words, the first cause of action represented the aggregate of surplus fees, which the defendant had actually collected and not paid over; while the second cause of action was for the alleged amount of taxable fees, as scheduled by counsel for the county from certain records and files found in defendant’s office, which he had not taxed, collected or accounted for. Appellant was not required, by any law within our knowledge, to account for — in the sense of paying — fees which he had not collected; nor was he liable to the county for mere failure to tax fees for services rendered. As to uncollected fees, he was only liable, under the statute, for the negligent or wilful failure to collect; and the alleged neglect to make a record of such fees, in this case, only affected the matter of proof.
The case of Frost v. Teller County differed from the one at bar, in the somewhat important particular, that in the former case the uncollected *323 fees were less than the salary of the officer, while in the present case the judgment was for more than the amount of the salary, plus the amount claimed under the first canse of action. If, then, the judgment was in excess of the penalty provided by the statute, it cannot be upheld as to such excess, whatever the proof may have been. In the Frost case mentioned, the question before the court for decision was whether or not an action could be maintained by a county, against one of its officers, for his failure to collect the statutory fees for official services rendered by him, the officer having collected fees enough to pay his own salary. And it was evidently held that such an action does not lie, unless based upon allegation and proof that the officer has wilfully or negligently failed to perform the duty enjoined by the statute, so as to make him liable to the penalty in that case provided. The holding that recovery in such a case is for a penalty, is sustained by many other decisions in this state. See Gregory v. Bank, 3 Colo., 332; Hazelton v. Porter, 17 Colo. App., 1; Dart v. Hughes, 49 Colo., 465. It is a recognized principle of construction, that a statute imposing a liability in the nature of a penalty will be strictly construed; and the penalty is not to be extended to cases not within the terms of the statute, or increased beyond the limit prescribed. Commissioners v. Law, 3 Colo. App., 328; Colo. F. & I. Co, v. Lenhart, 6 Colo. App., 511; Hazleton v. Porter, supra. The section imposing the duty to ■ collect the fees, and providing that “when any officer shall negligently or wilfully fail to collect any such fee, the same shall be charged to him on account of his salary,” is found in the
*324 “salaries” act of 1891, which was the first law in the history of the state providing salaries for the county officers therein mentioned. Prior to that act, such officer was entitled to all the fees and emoluments of his office, and the county had no possible interest in the collection thereof. Adams v. People, 25 Colo., 532, 539. The preceding section (22) by its terms, required county officers to pay over all fees collected by-them to the county treasurer, to be kept by the latter in certain funds, out of which the salaries or compensation of the respective officers should be paid, the balance to be turned into the general county fund. In Airy v. The People, 21 Colo., 144, it was held that the fees collected belong to the officer up to the amount of his annual salary, and that he cannot be required to pay into the county treasury any part of such fees, except the surplus over his salary. This ruling was based upon the provisions of section 15, of article 5IY, of the constitution, and necessarily modified section 22 of the “salaries act” of 1891. The court had in mind this implied modification of the statute, when it was said, in Frost v. Teller County, that “in order to stimulate or coerce the collection of the fees earned and belonging to the county, to-wit, the excess above the sums necessary to make up the officer’s salary, the penalty of charging the uncollected portion thereof against his salary is provided.” While, in a literal sense, the uncollected fees cannot be charged against the officer’s salary — since the county is only entitled to fees collected above the amount necessary to make up the salary — nevertheless, the amount of the salary received be the officer must be taken as the *325 maximum limit of the penalty for the negligent or wilful failure to collect; and this is understood to be the effect of the decision in the Frost case. If this view is correct, the judgment against appellant was excessive, upon the allegations of the complaint, to the extent of the difference between the amount of the judgment rendered and $1,052.40, the latter sum being the defendant’s salary for the year mentioned, plus the amount claimed in the first cause of action.
It was alleged in the answer, as a defense to both causes of action of the complaint, “that the same are barred by the statute of limitations of this state. ’ ’ It has not been claimed that the first cause of action was barred by any statute of limitations; but it was stated in appellant’s brief that the second cause of action was within the section of the statute, limiting the time within which to commence an action to recover a penalty. Inasmuch as the abstract of the record fails to show when the action was commenced, and counsel have not briefed any authorities bearing upon the right of appellant to rely on the statute of limitations, we are not required to undertake an investigation of the subject.
The judgment of the district court is reversed, and the cause is remanded to that court, with instructions to enter a judgment in favor of the plaintiff against the defendant for the sum of $1,052.40, with the costs of the action therein. The costs of this appeal will be paid by the appellee.

Reversed.

Cunningham, J., having been of counsel, took no part in the hearing or decision of the case.