Hurlbut, J.,
rendered the opinion of the court.
This action was instituted August 19, 1913, plaintiff in error Gregg and Amanda O. Gale being defendants below, and J. E. Hayes plaintiff below. It appears from the allegations of the complaint that the action was one to rescind a contract, upon the ground, as claimed, that fraud *413 had been practiced on plaintiff by defendants, in and about the negotiation and purchase by the former from the latter, of certain stock in a domestic corporation.
The case was tried to a jury, which returned a verdict in favor of plaintiff for $400, as well as a special verdict that defendant Gregg, in committing the tort complained of. was guilty of fraud and wilful deceit. Judgment was rendered upon the verdict in favor of plaintiff for the money found due, and also that defendant be committed to the county jail for a term of four months, to be released upon the payment of the sum stated in the judgment..
Exceptions were reserved by defendant, who prosecutes this writ of error, and the case is here by proper proceedings for determination. None of the evidence given at the trial is incorporated in the transcript or abstract of record. The controversy therefore is to be determined only upon the record proper. No brief has been filed by defendant in error.
But two questions are presented for determination: (1) Does the complaint state facts sufficient to constitute a cause of action, and (2) did the trial court commit fatal error in refusing to give an instruction on the measure of damage, tendered by defendant at the trial? As to the first question a general demurrer to the complaint was filed in the court below and overruled, whereupon defendant pleaded over by filing an answer,, and went to trial upon the issues formed.
We have carefully read the complaint, and it is noticeably faulty and defective as a pleading designed to state plaintiff’s cause of action in ordinary and concise language without unnecessary repetition, as required by the code. In his use of the tenses the pleader who drafted that instrument seriously jeopardized the sufficiency of the complaint. However, the demurrer admits all facts therein stated, if well pleaded; and if, upon a consideration of all the allega *414 tions appearing in the complaint, there can be culled therefrom sufficient averments showing the plaintiff clearly entitled to relief, the complaint should be held good as against the demurrer, no matter how much superfluous matter may be contained therein or how ambiguous or disconnected the pleading may otherwise be.
Disregarding the averments in the complaint, which attempt, but fail, to properly plead the falsity of defendant’s statements as to the value of the' stock, and the amount of profits the company was earning at the time of the purchase of the stock by plaintiff, as well as some other averments subject to criticism, we think there are sufficient allegations remaining to state a cause of action, and entitle-plaintiff to relief. From the complaint the following facts are made to appear:
The Gale-Lydon Auto Company was a ’domestic corporation engaged in the business of instructing and educating students in the method of operating, repairing and handling automobiles. On June lOj 1913, L. E. Gregg, defendant, was president, director and one of the largest stockholders of the company, and, at the date mentioned, in conjunction with Amanda O. Gale, another stockholder and director, had full and complete charge of its business-operations, both being familiar with the' earnings of the cqmpany, the extent of its indebtedness, and all matters pertaining to.its business, affairs.. For some time prior to "said date plaintiff Hayes had been a student of the company,, paying tuition therefor. On May 30, 1913, the plaintiff' entered the employment of the company, at a weekly salary. Between May 30th and June 10th defendants repeatedly solicited plaintiff to purchase stock of said company, assuring him that if he did so he would receive regular wages, and steady employment, that the earnings and profits at that time were sufficient to -insure plaintiff and the two defendants good average wages; that the company required more supplies and machinery to handle the growing busi *415 ..ness, and if plaintiff would purchase such stock the money-paid therefor would be invested for supplies and machinery needed by the company, and that the stock could be purchased for 331/3 cents a share, but was worth more than that price. Plaintiff at the time asked to see the books of the company, in order to investigate and learn what it had in assets and the amount of its debts and liabilities, if any, and what profits it was earning; but defendants stated the books were at that time in the hands of the company’s secretary, and not at hand. At that time defendants stated to ■plaintiff that there were no debts owing by the company, nor any liabilities outstanding against it; that it owned clear and free all the property then in use; that it then had contracts with students sufficient in number to pay a good average salary to plaintiff and defendants, and that they, .as its officers, controlled all outstanding stock except one or two shares. Plaintiff believed and relied upon all, each •and every of the statements and representations aforesaid .made by defendants, and believed and relied upon the truth thereof, and was induced thereby to purchase, and did purchase ,on the 10th of June, 1913, twelve hundred shares of .said stock, paying therefor the sum of $400 in money, receiving a certificate therefor. On July 12, 1913, defendants absented themselves from Denver, and remained absent for about two weeks thereafter, leaving plaintiff in charge of the premises, and during this period he became enabled to investigate the affairs of said company. On July 28th plaintiff first discovered and learned that the statements and .representations aforesaid, made to him by defendants, upon which he was induced to buy, and did buy, the shares of stock aforesaid, were false and untrue; that nearly all of the $400 paid by him for the stock aforesaid was appropriated by defendants for their personal use; that the statements and representations made to him by defendants, to the effect that the company had no debts or other liabilities, .as above stated, were false and untrue; and that the company *416 above stated, were false and untrue; and that the company was insolvent. After becoming possessed of such information, plaintiff elected to rescind, and did rescind, the contract of purchase of such stock, and on July 30th notified defendants in writing of such election, tendering back to them the stock at that time, and demanding the return of the money which he had paid therefor, but such demand was refused. At the time the statements and representations were made by defendants as aforesaid'they each had full knowledge of the facts concerning the business of the company, the value of its shares of stock, the amount of its profits and earnings, and the amount of its indebtedness and liabilities then existing, and well knew that such statements and representations made by them at that time were false and untrue, and the same were made by them designedly for the purpose and with the intention of cheating and defrauding the plaintiff, and for the purpose of inducing ■him to purchase the stock and pay for the same as above stated. By reason of such false statements and representations, on the part of defendants, as above alleged, plaintiff was damaged in the sum of $400.
The facts just recited, and admitted by the demurrer, fairly show that defendants knowingly, wilfully and fraudulently, with the intent to cheat and defraud plaintiff, induced the latter to invest $400 in stock of the company upon the express understanding that the same should be applied to the purchase of supplies and machinery for the use of the company, which was not done; that plaintiff’s failure to examine the books of the company, prior to his purchase of the stock, was excusable, by reason of defendants’ statement before the purchase that the books could not be obtained at the time; and', further, that, with a like fraudulent intent, defendants induced plaintiff to purchase the stock aforesaid, in reliance upon their clear representations and statements, made at the time, that there were no debts or liabilities then existing against the company, the complaint *417 showing that such statements and representations were false, and that, at the time, the company was insolvent.
From the averments of the complaint as above detailed it is evident that the contention of plaintiff in error, that the complaint is fatally defective as against the general demurrer, is untenable.
As to the second question discussed • by plaintiff ' in error, concerning the action of the trial court in refusing to give an instruction upon the measure of damage, tendered by him, it appears from the record that no instruction was given by the court upon that subject, and none offered except the one referred to, which reads as follows:
“The court instructs the jury that the measure of the plaintiff’s damage, should you find for the plaintiff, is the difference between what the said stock was actually worth at the time of the said purchase and the amount of money so paid by the plaintiff for the said stock.”
The instruction was not a correct statement of the law as applied to any issue formed by the pleadings. If it was intended to apply to an action for breach of warranty, it is not correct. Huston v. Plato, 3 Colo., 402. If intended to apply to an action to rescind a contract, it is equally faulty. Section 656, volume. 3, Sutherland on Damages, 3rd ed.; Westerfield v. N. Y. L. Ins. Co., 129 Cal., 68, 61 Pac., 667. If intended to apply to an action based upon fraudulent representations, it is objectionable as not clearly stating the rule as announced by our Supreme Court. Lilley et al. v. Randall, 3 Colo., 298; Herfort v. Cramer, 7 Colo., 483, 4 Pac., 896. Moreover, as no bill of exceptions is incorporated in the record, we are not advised as to the kind or character of evidence adduced at the trial, nor upon what theory the respective parties tried the case. We may well reiterate the language of Judge Walling in Price v. Kit Carson County, 22 Colo. App., 315, 124 Pac., 353, viz.:
“We are bound to assume that the evidence supported the court’s findings and judgment, provided that the judg *418 ment was authorized by the allegations of the complaint, under any conditions of proof.”
The issues formed by the pleadings clearly warranted the introduction of evidence which would support the judgment rendered. The failure by the trial court to give the instruction as presented would not justify a reversal of the judgment on that ground alone, unless it should appear from the record that defendant’s substantial rights were invaded by such refusal, or he was prejudiced thereby. No such showing is disclosed by the record. In the absence of any testimony or evidence, it is impossible for us to conclude whether or not plaintiff in error was in any way prejudiced by the refusal to give the instruction. For anything that appears in the record to the contrary,'such proceedings, stipulations or admissions, may have occurred at the trial as to render it entirely unnecessary for such instruction to be given by the court.
Iu Nelson v. Nelson et al., 146 Pac. (Colo. App.), 1079, the court, speaking through Judge King, said in part:
“It is not sufficient to show that error in the abstract was committed in giving an instruction, but it must affirmatively appear that it was prejudicial, and, as a general rule, this can only be determined by a consideration of the evidence.”
In Rice v. Williams, 18 Colo. App., 330, 71 Pac., 433, error was assigned upon the giving of instructions numbered one to nine inclusive. No. 1 was not set out in the abstract. The court said, in part:
“To enable us to judge whether the jury could have been misled we must know not only what was the first instruction, but also what the evidence was. For aught that appears, there was no conflict in the testimony. Without an opportunity to examine it, it is impossible for us to know whether there was or not. It may have been so conclusive as to preclude any verdict but the one which was returned; and if so, the language of the instructions *419 is not very material.”
See Sutton v. Dana, 15 Colo., 98, 25 Pac., 90, and Argentine Mining Co. v. Terrible Mining Co., 122 U. S., 478, 30 L. Ed., 1140, 7 Sup. Ct., 1356.
We are satisfied that the record fails to disclose reversible error in any of the rulings or proceedings of the trial court. The judgment will therefore be affirmed.

Judgment affirmed.